## CESARIO v. UNITED STATES.

### No. 4682.

United States Court of Appeals
First Circuit.

Dec. 11, 1952.

Alfred Paul Farese, Everett, Mass., for appellant.

William J. Koen, Asst. U. S. Atty., Boston, Mass. (George F. Garrity, U. S. Atty., Boston, Mass., on brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

Salvatore Cesario appeals from a judgment of conviction under an indictment, in two counts, charging the defendant with unlawful sales in Boston, Massachusetts, of heroin, a derivative of opium, on February 28, 1952, and March 25, 1952, respectively, in violation of 26 U.S.C. § 2554(a). The defendant pleaded not guilty, and waived a trial by jury with the approval

of the court and the consent of the government, as provided in Rule 23(a) of the Federal Rules of Criminal Procedure, 18 U.S.C. The district judge found the defendant guilty as charged on both counts, and imposed a prison sentence of five years on each count, the two sentences to run concurrently.

The only point on appeal which we think to be deserving of brief comment is the failure of the district judge to grant certain requests for rulings submitted by the defendant.

█ These requests for rulings, thirteen in number, were submitted to the district judge at some time during the trial, it does not appear just when. They read like typical requests for instructions to the jury in a criminal case, as provided in Rule 30, Fed.Rules Crim.Proc., a rule which obviously has reference only to cases tried to a jury, and not to a jury-waived case.

At the conclusion of the evidence the trial judge announced: "I find the defendant guilty on both counts." At that point counsel for the defendant requested the court to pass on his so-called requests for rulings. This the district judge obligingly undertook to do, taking up the requests *seriatim* and either stating that he would grant or refuse to grant the particular request.

Several of the requests contained abstract propositions of law dealing with the defense of entrapment. The district judge stated that he would not grant this group of requests. His reason for such refusal was not that the requests were incorrect as abstract propositions of law. Rather, his point was that it was superfluous to give such instructions to himself, since he had found as a fact that there was no entrapment in the case because he did not accept the defendant's story of what had happened.

█ Throughout the course of the trial the court several times recognized that the only substantial defense which the defendant was undertaking to establish was the defense of entrapment. The court also evinced a familiarity with the legal requirements of such a defense, and he afforded the defendant full opportunity to establish the defense if he could.

To sustain the defense of entrapment, the defendant relied solely upon his own testimony, which was not very strong and impressive in this respect. It related chiefly to two prior occasions in New York City when the defendant admittedly procured heroin for the government agent. Even if it were assumed that the defendant was entrapped on those two occasions, the defendant was not tried and convicted on the basis of those transactions, but on the basis of two subsequent sales in the City of Boston. If the district judge, as he evidently did, believed the testimony of the chief government witness, he could not possibly have found for the defendant on the issue of entrapment, however liberally that defense might be applied.

The whole procedure on the defendant's requests for rulings was irregular. But under the circumstances the defendant was obviously not prejudiced by the failure of the trial judge, sitting without a jury, formally to "grant" the group of requests for rulings dealing with the defense of entrapment.

█ As applied to criminal trials without a jury, Rule 23(c) provides: "In a case tried without a jury the court shall make a general finding and shall in addition on request find the facts specially." That rule indicates the proper procedure by which a defendant may preserve a question of law for purposes of appeal. In this case the district judge did make a special finding that he disbelieved the defendant's story in so far as it differed from the version testified to by the government witnesses. Such a finding necessarily eliminated any possible defense of entrapment.

The judgment of the District Court is affirmed.