**Kenneth Leroy HOWARD, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22653.**

United States Court of Appeals,
Ninth Circuit.

March 24, 1970.

Burton Marks (argued), of Marks & Schneider, Beverly Hills, Cal., for appellant.

Theodore E. Orliss (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL, ELY, and HUFSTEDLER, Circuit Judges.

HUFSTEDLER, Circuit Judge:

Appellant Howard appeals from his conviction for violating 21 U.S.C. § 176a (transporting illegally imported marihuana) and 21 U.S.C. § 174 (transporting illegally imported heroin). He raises several constitutional objections to sections 174 and 176a and claims that the district court erred in denying his motion to suppress the heroin as the product of an illegal search and seizure.

Howard was arrested in Los Angeles as he was driving a Chevrolet loaded with concealed marihuana. The load car had been under continuing surveillance since its entry into the United States from Mexico. It had been driven across the border by a Government informant who thereafter left it in a place designated by a person whom the informant had telephoned. Howard arrived in the area in a Buick automobile, drove around the block, then parked across the street from the load car. A few minutes later, as he was driving the Chevrolet about 14 blocks from the place he had parked the Buick, Howard was arrested and searched.[1] The keys to the Buick were taken from him by the arresting officers. One of the officers, using those keys, unlocked the Buick and drove it to the parking lot of the Federal Building. The Buick was then searched, and a cache of heroin, the subject of the second count, was discovered.

Howard's conviction on the heroin count must be reversed because the district court erred in denying his motion to suppress the heroin as the product of an illegal search of the Buick. The officers had no warrant to search the Buick; there was no consent to the search; and the search was not incident to Howard's arrest. The Government's sole justification for the search was that it was incident to a seizure of the automobile under the forfeiture provisions of 49 U.S.C. §§ 781[2] and 782.[3] That seizure was valid only if the seizing officers had probable cause to believe that the Buick had been used to "facilitate" the transportation of marihuana in the load car.

In this case, unlike Lockett v. United States (9th Cir.) 390 F.2d 168, cert. denied (1968) 393 U.S. 877, 89 S.Ct. 175, 21 L.Ed.2d 149; Kaplan v. United States (9th Cir.) 375 F.2d 895, cert. denied (1967) 389 U.S. 839, 88 S.Ct. 67, 19 L.Ed.2d 103; and Browning v. United States (9th Cir. 1966) 366 F.2d 420, there was no evidence that the seizing officers had cause to believe that the Buick then contained, or ever had contained, contraband. Nor was there any evidence that an illegal transaction had taken place within the vehicle. The Government proved merely that the officers, at the time of the seizure, knew that Howard had driven the Buick to the location of the load car. As in Platt v. United States (10th Cir. 1947) 163 F.2d 165, the seized car was merely the means of locomotion by which the person suspected of participating in illegal drug traffic reached the site of that activity. The ease or the difficulty of

---

1. There is no challenge to the validity of this search. A quantity of marihuana, the subject of the first count, was found in the inside door panels of the car.

2. In pertinent part § 781 provides:
   "(a) It shall be unlawful (1) to transport, carry, or convey any contraband article in, upon, or by means of any vessel, vehicle, or aircraft; (2) to conceal or possess any contraband article in or upon any vessel, vehicle, or aircraft, or upon the person of anyone in or upon any vessel, vehicle, or aircraft; or (3) to use any vessel, vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article."

3. Section 782 provides for forfeiture of any vehicle used in violation of § 781, with exceptions not here pertinent.

transporting the marihuana in the Chevrolet was not affected by the manner in which Howard reached the load car. The use of an automobile to commute to the scene of a crime does not justify the seizure of that automobile under sections 781 and 782. (Platt v. United States, *supra*; United States v. One 1952 Ford Victoria (N.D.Cal.1953) 114 F.Supp. 458; *cf.* Carroll v. United States (1925) 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Simpson v. United States (9th Cir. 1959) 272 F.2d 229.) Burge v. United States (9th Cir.) 342 F.2d 408, cert. denied, 382 U.S. 829, 86 S.Ct. 63, 15 L.Ed.2d 72 (1965) is not to the contrary, for there the seizing officers had probable cause to believe either that contraband had been carried in the automobile or that an illegal narcotics transaction had taken place in it.

■ Howard's conviction on the first count must be also be reversed, for we are unable to determine whether or not the district court relied on the presumption invalidated by Leary v. United States (1969) 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57. (*See* United States v. Scott (9th Cir. 1970) 425 F.2d 55.) Although some of the district court's remarks at the close of trial suggest that it could have found knowledge of illegal importation without regard to the presumption, other remarks suggest to the contrary. Adding to that ambiguity is the court's express refusal at the beginning of trial to make special findings.[4]

■■ On our own motion we notice that the district court refused to accept the waiver of jury trial both by the Government and by the defendant, unless and until the defendant signed a waiver of his earlier requested special findings.[5] Under Rule 23(c) of the Federal Rules of Criminal Procedure the defendant was entitled to those findings, and it would have been reversible error to have refused his timely request for them.

(United States v. Morris (7th Cir. 1959) 263 F.2d 594.) We cannot condone an avoidance of Rule 23(c) by the expedient of conditioning a jury waiver on a waiver of special findings. The defendant's right to such findings is not trivial, and his exercise of that right is not to be impaired by the exertion of pressure from the court. (*See* Wilson v. United States (9th Cir. 1957) 250 F.2d 312, 325; see also Skidmore v. Baltimore & O. R. Co. (2d Cir.) 167 F.2d 54, cert. denied (1948) 335 U.S. 816, 69 S. Ct. 34, 93 L.Ed. 371; 2 C. Wright, Federal Practice and Procedure (1969) § 374.)

The judgment is reversed, and the cause is remanded for a new trial.

---

4. Howard's other constitutional challenges to § 176a have been decided adversely to him. McClain v. United States (9th Cir. 1969) 417 F.2d 489; Witt v. United States (9th Cir.) 413 F.2d 303, cert. denied (1969) 396 U.S. 932, 90 S.Ct. 272, 24 L.Ed.2d 230. His other arguments are without merit.

5. R. Tr. 7-8.