**Odell ANDREWS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**Willie SLOAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**Nos. 22995, 22996.**

United States Court of Appeals,
Ninth Circuit.

May 11, 1970.

As Modified June 10, 1970.

Fred Kilbride, Michael W. Roberts, Edgar P. Boyko, Los Angeles, Cal., for appellants.

Edward J. Wallin, Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Robt. L. Brosio, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before DUNIWAY, HUFSTEDLER, and KILKENNY, Circuit Judges.

HUFSTEDLER, Circuit Judge.

Defendants Andrews and Sloan were found guilty after a nonjury trial of both counts of a two-count indictment charging violation of 21 U.S.C. § 176a. Count One charged a conspiracy to import, receive, and conceal marihuana imported from Mexico, and Count Two charged re-

ceipt and concealment of the marihuana. The convictions must be reversed on the authority of Leary v. United States (1969) 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 and United States v. Scott (9th Cir. 1970) 425 F.2d 55.

Had the court below relied exclusively on the finding of knowledge from evidence independent of the presumption and were such finding not clearly erroneous, application of the presumption would be harmless error. On the record before us, however, we cannot determine whether the court made an independent finding of knowledge without the benefit of the presumption. We have no special findings. As in Howard v. United States (9th Cir. 1970) 423 F.2d 1102, some of the district court's remarks at the close of trial suggest that it could have found knowledge of illegal importation without regard to the presumption, but other remarks suggest to the contrary.[1] The evidence admitted for substantive purposes amounted to a weak showing on actual knowledge, and the Government did not at trial seriously argue that actual knowledge was shown.

The convictions therefore are reversed, and the causes are remanded for further proceedings consistent with this opinion.

KILKENNY, Circuit Judge (dissenting):

The trial judge made a specific finding that each defendant had knowledge of the importation of the marihuana. There is nothing in the record to indicate that the judge in arriving at this specific finding was in any way relying on the statutory presumption.[2] The trial judge's reference, in his findings, to "possession of the marihuana", in my opinion, is clearly directed to *knowledge of the existence* of marihuana in the trunk of the automobile, rather than to *the possession* under the invalid § 176a presumption. Here, as distinguished from Howard v. United States, 423 F.2d 1102 (9th Cir., 1970), the findings are specific, rather than ambiguous.

I would affirm.

---

1. "As to Count Two, I find the defendant Andrews guilty of receiving the one kilo. And I conclude that both defendant Andrews and defendant Sloan had knowledge of the importation of the marihuana, and I conclude that from the statement they made in the garage.

"I do conclude that they did make those statements, as to 'Where is the marihuana?' I conclude that they did search back of the headlights—at least one of the headlights and the tail light, looking for the marihuana, which they believed was there.

"I think also that they had possession of the marihuana, at least of one kilo of marihuana, insofar as the car was concerned, because the car was, in effect, in their possession with the marihuana in it."

This can be interpreted either as (a) two independent findings of knowledge, one based on actual evidence and one based on possession, or (b) as one finding of knowledge based on the actual evidence plus possession. Earlier the court stated: "Possession is the key to the imputing of the knowledge that it was imported contrary to law." And before trial the court rejected the defense's argument that the presumption could not be applied in a court trial.

2. 21 U.S.C. § 176a.