UNITED STATES of America, Appellee,

v.

Carlos RIVERA, Defendant-Appellant.

No. 963, Docket 71–1009.

United States Court of Appeals,
Second Circuit.

Argued April 22, 1971.

Decided June 3, 1971.

Joseph I. Stone, New York City, for defendant-appellant.

Peter F. Rient, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., Jack Kaplan, Asst. U. S. Atty., on the brief), for appellee.

Before FRIENDLY, Chief Judge, and ANDERSON and FEINBERG, Circuit Judges.

FEINBERG, Circuit Judge:

After a trial in the United States District Court for the Southern District of New York before Constance Baker Motley, J., sitting without a jury, appellant Carlos Rivera was convicted of receiving, concealing and facilitating the transportation and concealment of heroin in violation of 21 U.S.C. §§ 173, 174 [1] (Count 2) and of conspiring to violate those sections (Count 3).[2] Rivera was

1. These sections were repealed effective May 1, 1971. Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub. L. No. 91–513, tit. III, § 1101(a) (2), 84 Stat. 1291.

2. Count 1 charged a separate transaction and was dismissed at the close of the Government's case.

sentenced to concurrent sentences of ten years on each count. For the reasons stated below, we affirm the conviction.

The only issue raised by Rivera that merits discussion is the trial court's alleged failure to make specific findings of fact as required by Fed.R.Crim.P. 23(c). That issue arises in a rather unusual context. The trial began on December 1, 1970, and ended the following day. After a five minute recess, the court found Rivera guilty and doubled his bail. Acknowledging that his client could not meet the new bail, Rivera's counsel requested immediate sentencing so that Rivera could begin accumulating good time. The judge acceded to that request and imposed a ten year sentence to the great surprise of counsel, who had expected only the mandatory minimum sentence of five years.[3] Rivera was then remanded. Rivera was, however, again brought before the court the following day because he had not been advised of his right to appeal at the time of sentencing. At this point Rivera's counsel moved to set aside the verdict and for the first time requested

a finding of facts so that the defendant will have a basis on which to appeal * * *.

He pointed out that

a specific finding of fact as to what proof you relied upon would be instrumental for the defendant in order to facilitate an appeal.

In the colloquy between the court and Rivera's counsel, the thrust of the latter's objections to the verdict and sentence was that Rivera had merely been a "casual facilitator" of a sale under United States v. Jones, 308 F.2d 26, 30 (2d Cir. 1962) (en banc). The following then ensued:

The Court: [I]n sentencing the defendant yesterday the Court pointed out that it was not convinced that this defendant was a casual facilitator of the transportation of narcotics, that on the contrary the evidence showed that he was a participant in a major criminal activity and it was on that basis that the Court did not follow your original suggestion with respect to United States v. Jones. * * *

* * * * * *

[The amount of heroin involved was] [a]pproximately half a kilogram, which obviously indicates that there was no small amount of traffic involved here in narcotics by a mere casual facilitator but rather a knowing participation in a transaction involving a very large amount of narcotics * * *.

* * * * * *

By his own testimony he admitted that he was quite willing to become involved on a major scale in the transportation of narcotics.

So that I think that this case is clearly distinguishable from Jones.

[Rivera's counsel]: Except, your Honor, his willingness to participate —he was prevented from participating by his arrest. He was willing to participate. He offered to try and participate. He didn't have the money with which to participate, and he was arrested before he was able to consummate any of his plans.

Now, I certainly don't think that a person can dream a conspiracy and dream of being a participant in a conspiracy and be penalized so sufficiently when he hasn't done any of the things he dreamed about doing.

The Court: Well, that is your assertion. The Court has concluded to the contrary, that those assertions are overcome by the evidence in this case,

---

3. Defendant's counsel stated immediately after sentence was imposed:

I am very surprised at the sentence of this size meted out to this defendant * * *.

When I asked to waive the probation report, I was firmly convinced that the Court would not impose more than the minimum sentence. * * *

It was my feeling. I am really shocked.

which shows that he was a major participant.

Rivera's counsel thereupon stated:

> Your Honor, I ask, *even though the finding has been rendered*—I ask if you would set aside the sentence and adjourn it for a full probation report. [Emphasis added.]

and made no further request for findings.

In this court, counsel argues that the judge should have made special findings as to whether Rivera was in actual or constructive possession of the heroin, whether the court relied on the presumption from possession in 21 U.S.C. § 174, and whether there was actual knowledge of the illegal importation. This situation might have raised the interesting and apparently undecided question of when a request for findings under Fed. R.Crim.P. 23(c) is too late, since Rivera's request was not made until the day after sentence was imposed. See generally Benchwick v. United States, 297 F. 2d 330, 335 (9th Cir. 1961); United States v. Morris, 263 F.2d 594 (7th Cir. 1959). But the problem evaporates in the present case in light of the colloquy quoted above. The request for findings in the district court was ambiguous, not clearly focussed on specific issues as it is in this court. After the district judge responded, counsel apparently acknowledged that his request had been met. Moreover, in summation below, the Government clearly disavowed reliance on the inference in 21 U.S.C. § 174 based upon possession, which the *Jones* decision discussed, and relied instead on

its ample proof of defendant's actual knowledge of illegal importation.[4] Under those circumstances, it is unlikely that the court relied on the statutory presumption. Even if it did, the finding that Rivera was not just a casual facilitator was supported by the evidence and sufficient to allow the statutory inference and to warrant conviction. On any theory, therefore, if error there was with respect to a failure to make findings, it was harmless.

Accordingly, we find it unnecessary either to decide when a request for findings must be made or to determine whether, absent counsel's acquiescence, the findings made in the present case would have been adequate. We do emphasize, as we have before,[5] the desirability of at least brief findings, which may be oral, in all non-jury criminal cases. Certainly, when there has been a request under Rule 23(c), the findings should ordinarily be more thorough than those made there.

▮ We have carefully considered appellant's other arguments, viz. that testimony of a police officer was improperly admitted, that the prosecution denied Rivera equal protection when it allowed a co-defendant to plead guilty to a lesser offense, and that the court erred in failing to order a probation report, but find none of them persuasive. We note that our decision in no way affects Rivera's pending motion in the district court for reduction of sentence under Fed.R. Crim.P. 35.

Affirmed.

---

4. The Court: As I understood the argument, [Rivera's counsel's] suggestion was that the presumption is applicable only to one found in possession of the narcotics.
  Mr. Rient [Government counsel]: Yes. I understand that to be his argument. But we don't rely on the presumption. We rely on actual knowledge.

5. United States v. Jones, 360 F.2d 92, 96 (2d Cir. 1966), cert. denied, 385 U.S. 1012, 87 S.Ct. 721, 17 L.Ed.2d 549 (1967); United States v. Rosengarten, 357 F.2d 263, 266 n.4 (2d Cir. 1966).