UNITED STATES of America

v.

Thomas Lee LIVINGSTON, Appellant.

No. 71-1022.

United States Court of Appeals,
Third Circuit.

Argued Oct. 5, 1971.

Reargued En Banc Jan. 12, 1972.

Decided May 2, 1972.

Richard A. Axelrod, Vermont Legal Aid, Inc., St. Johnsbury, Vt., for appellant.

James W. Walker, Asst. U. S. Atty., Scranton, Pa., for appellee.

Before McLAUGHLIN, GANEY and ADAMS, Circuit Judges.

Reargued En Banc before SEITZ, Chief Judge, and McLAUGHLIN, GANEY *, VAN DUSEN, ALDISERT, ADAMS, GIBBONS, MAX ROSENN, JAMES ROSEN and HUNTER, Circuit Judges.

OPINION OF THE COURT

SEITZ, Chief Judge.

Defendant appeals a judgment of sentence imposed for failure to report for induction into the United States Army. 50 App.U.S.C. § 462. Several contentions are raised as grounds for setting aside defendant's conviction. However, in view of our disposition of this appeal we need consider only the issue of whether it was permissible for the district judge to condition his grant of defendant's request for a non-jury trial on defendant's waiver of findings of fact and conclusions of law.

* Judge Ganey participated in the hearing and consideration of this appeal but died before final decision.

Prior to trial defendant requested that his case be tried to the court without a jury. Noting that "by waiving a jury, [defendant was] asking the judge to find the facts as well as the law," the court declined to grant the request "unless [the defendant] . . . agree[d] that the Court [would] not have to find findings of fact and conclusions of law." Defendant acceded to this condition and the case was heard without a jury. At the close of all the evidence the court merely entered its order finding defendant "guilty." This appeal followed.

■■ We note at the outset that the district court conditioned its grant of defendant's request for a non-jury trial on a waiver by him of both findings of fact *and* conclusions of law. The applicable rule, however, requires only that the court "make a general finding and . . in addition on request find the facts specially." Rule 23(c), F.R.Crim.P. Detailed legal conclusions are, of course, appropriate in non-jury criminal proceedings, particularly when the facts of a case suggest several legal principles which the trial judge might have invoked. Cf. Canon 19, The Canons of Judicial Ethics of the American Bar Association. See also United States v. Rivera, 444 F.2d 136, 138 & n. 5 (2d Cir. 1971). We do not here decide, however, whether the facts of this case mandated the court to formulate conclusions of law. Rather, we conclude only that the district court erred when it conditioned defendant's request for a non-jury trial on a waiver by him of his right to request that the court find the facts specially.

■ Findings of fact in non-jury criminal cases primarily aid the defendant in preserving questions for appeal and aid the appellate court in delineating the factual bases on which the trial court's decision rested. See 8 Moore's Federal Practice (Cipes, 2d ed.), Para. 23.05. Indeed, it has been suggested that findings under Rule 23(c) are a prerequisite to preserving for appeal issues concerning the significance or existence of a particular fact. See Wilson v. United States, 250 F.2d 312, 325

(9th Cir. 1957); Cesario v. United States, 200 F.2d 232, 233 (1st Cir. 1950). Findings of fact are essential to proper appellate review of a conviction resulting from a non-jury trial. This was an important consideration when the present text of Rule 23(c) was promulgated, altering pre-existing law and *requiring* the trial judge to make special findings, if requested. See Barron & Holtzoff, Federal Prac. & Proc., § 2124 (Rules ed.). Compare United States v. Weber, 437 F.2d 1218, 1221 (7th Cir. 1971) with Lofland v. United States, 357 F.2d 472, 477 (9th Cir. 1966). Rule 23 (c) entitled the defendant to request and receive special findings. Howard v. United States, 423 F.2d 1102, 1104 (9th Cir. 1970).

■■ Of course, defendant here at no time requested special findings. However, such a request indeed would have been futile in view of the pre-trial waiver imposed upon defendant by the court. Cf. id. at 1104. The defendant was therefore under no obligation to request special findings. The district court cannot, by procuring such a pre-trial waiver, avoid its responsibility to make *findings of fact* when presented with a timely request. As the court said in Howard, supra: "The defendant's right to such findings is not trivial, and his exercise of that right is not to be impaired by the exertion of pressure from the court."

It remains to be considered what relief to accord the defendant. We have reviewed the record and find that credibility issues are not of such pervasiveness as to require a new trial. We therefore think that the district judge who tried this case is in a position fairly to make the findings required by Rule 23 (c) before imposing sentence.

The judgment of sentence based on the guilty verdict is vacated and the case remanded to the district court for further proceedings in accordance with this opinion.

Circuit Judge McLAUGHLIN concurs in the result.

ADAMS, Circuit Judge (dissenting).

I respectfully dissent from the holding of the majority opinion because I do not believe that what the district court did with regard to waiver of the jury trial constitutes plain error.

At the very beginning of the trial,[1] the defendant moved to waive the jury. The district judge informed the defendant of the advantages of a jury trial and of defendant's right to demand a jury. The judge explained that by waiving a jury trial, the defendant would be relinquishing the right to a unanimous verdict and would be "asking the judge to find the facts as well as the law." The following colloquy then ensued:

"THE COURT: * * * Do I understand that is what you want to do?

THE DEFENDANT: That is true, sir.

THE COURT: Very well. The Court doesn't need to accept such a responsibility[2] and the Court will not unless you also agree that the Court will not have to find findings of fact and conclusions of law.

[DEFENDANT'S ATTORNEY]: We will agree to that.

THE COURT: You are satisfied to do that?

[DEFENDANT'S ATTORNEY]: Yes.

THE COURT: Are you satisfied, Mr. Livingston?

THE DEFENDANT: I am.

THE COURT: That is your own wish?

THE DEFENDANT: That is my own wish."

Rule 23(c) of the Federal Rules of Criminal Procedure provides: "In a case tried without a jury the court shall make a general finding and shall in addition *on request* find the facts specially. * * *" (Emphasis added.) Accordingly, absent a request, defendant would not have been entitled to such findings.

No such request was ever made, and in addition, defendant never objected in any way to the condition imposed by the court.

Defendant seeks to circumvent the fact that he made no objection by arguing that to have objected would have imposed on him to the risk of incurring the anger of the trial judge. But nothing in the record indicates that the trial judge was so emotional with regard to the issue of special findings that he would have reacted in a manner adverse to defendant if the defendant had specifically requested that findings be made, or objected to the statement that the judge was not going to make findings. Rather, the record clearly demonstrates that defendant made an advertent decision that it would be to his advantage to proceed with a trial before the court, even without special findings of fact. Later, after he was adjudged guilty of the offense charged, the defendant still appeared satisfied with his election, for he did not raise the issue of the conditional waiver of a jury trial in his post-trial motions.

The venerable but universal rule requiring parties to call objectionable rulings to the attention of the trial judge before the matters may be raised on appeal is not based upon an anachronistic reliance on ancient and obsolete formalisms. Instead, the rule serves a real and vital purpose in that it allows trial judges to avoid or correct potential errors before they occur or while they can still be readily remedied. If the defendant objected to the alternative posed by the district court's condition, the district court might well have allowed the waiver of the jury without the imposition of any conditions. Had the district court declined to modify its position, then the question preserved for appeal would be whether the district court abused its discretion by conditioning a

---

1. This case was tried in June, 1970. Thus the findings mandated by the majority's decision will have to be made by the district court from a written record almost two year old.

2. Apparently the district court was relying on Singer v. United States, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965).

trial before the court on the waiver of findings. But where an objection is not made, we may reverse a district court only where plain error has occurred. See Fed.R.Crim.P. 52(b). As things stand now, the question before us is whether plain error is committed when a defendant, upon advice of retained counsel, waives special findings in order to obtain a non-jury trial.

In the context of this case, it does not appear that plain error has been committed. Defendant made an intelligent and knowing decision to waive a jury trial and to accept a general verdict from the district court. Obviously defendant and his counsel felt at the beginning of the trial that this course of action was more advantageous than proceeding before a jury. Even after the guilty verdict was announced, defendant was not dissatisfied with his election. Only on appeal, and as an apparent afterthought, has the issue been raised. To grant relief in these circumstances plays "fast and loose" with the appellate process, and sets a precedent to which I cannot subscribe. Had defendant been uncounselled or incompetently represented, or had the colloquy with the district judge revealed that the judge would be arbitrary, abrupt, peremptory, unyielding, or uncompromising, it might well be that the judge had committed plain error. But such facts are not disclosed here, and the record does not admit to any such inferences.

It is not without significance that the rule on findings in criminal proceedings is substantially different from the rule on finding in civil proceedings. The framers of the rule pertaining to civil proceedings have made it mandatory for trial judges sitting without a jury to make detailed findings of fact and conclusions of law. See Rule 52, Fed.R. Civ.P. The draftsmen of the criminal rule, on the other hand, have not made such a procedure obligatory, but have provided that in criminal matters findings be made only upon request.

It is common knowledge among trial judges that the task of making detailed findings in either civil or criminal cases is often tedious, and one that frequently consumes as much time as might otherwise be saved in the course of dispensing with a jury trial. Requiring such findings may well have a negative effect on the willingness of trial judges to conduct non-jury criminal trials.

Our function is to correct error which affects substantial rights of litigants. It is beyond our province to sit back like school teachers and grade every ruling of a lower court—produced often with great dispatch and during the strain and tension of a trial—as if it were a test paper. Although we are a superior court in the judicial schema, we do not have license to substitute our judgment for that of the lower courts absent prejudicial error. To reverse a ruling made in good faith with which counselled parties were satisfied, in the absence of plain error, displays an insensitivity to the realities of litigation in the judicial system.

As noted above, the direct impact of today's holding will be to discourage trial judges from granting non-jury trials in criminal cases. An equally disturbing, although less direct result might be to encourage lawyers to refrain from voicing objection to questionable decisions in the hope of luring district courts into reversible error. Litigation is an attempt to arrive at truth, not a game of wits in which the participants are attorneys and judges and the prize is reversal.

For all these reasons, I respectfully dissent from the majority's holding in this case.