UNITED STATES of America,
Plaintiff-Appellee,

v.

ONE 1977 CADILLAC COUPE DeVILLE
VIN: 6D47S7Q234771,
Defendant-Appellant.

No. 79–3031.

United States Court of Appeals,
Fifth Circuit.
Unit B

May 8, 1981.

L. Mark Dachs, Miami, Fla., for defendant-appellant.

Robert I. Targ, Sp. Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before KRAVITCH and THOMAS A. CLARK, Circuit Judges and LYNNE *, District Judge.

KRAVITCH, Circuit Judge:

At issue in this case is whether 21 U.S.C. § 881, which provides for forfeiture of a vehicle used "in any manner" to facilitate the transportation or sale of drugs, encompasses an automobile used to transport the drug dealer and accomplice to the scene of the transaction. We agree with the trial court that such use is within the ambit of the statute and affirm the forfeiture.

Shortly after noon on December 7, 1977, a 1977 Cadillac Coupe deVille arrived at the Miami apartment of Oscar Andiarena. The

* District Judge of the Northern District of Alabama, sitting by designation.

driver was Jose Hernandez; the passenger and owner was Betsy Schore. Waiting with Andiarena inside the apartment was a government agent and an informant who, posing as buyers, earlier had negotiated with Andiarena for the purchase of narcotics and automatic weapons. Schore was introduced as Andiarena's supplier. Initially she discussed a projected marijuana import and attempted to recruit the agent and the informant as off-loaders. They advised her they were primarily interested in purchasing the cocaine, the price of which had been set at $44,000.00 and which they understood would be delivered at the initial contact. Schore instructed them to return at 4:30 for delivery but assured them there would be no problem; the cocaine would be there and of a good quality, as she only dealt in "quality merchandise."

Upon returning at 4:30 p. m., the agent learned from Schore and Andiarena that Hernandez had left to obtain the cocaine. An hour later Hernandez reappeared, driven in Andiarena's car by Winston Russell. Andiarena produced the 779 grams of cocaine. Andiarena, Schore and Hernandez were arrested shortly thereafter. Following Schore's conviction of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, the government instituted proceedings for forfeiture of her Cadillac pursuant to 21 U.S.C. § 881(a)(4) and 49 U.S.C. § 781.

The district court found that the defendant vehicle, having transported Schore to Andiarena's apartment, enabled her to negotiate and facilitate the sale; hence, it was used in furtherance of a cocaine transaction and was subject to forfeiture under 21 U.S.C. § 881(a)(4).

Schore challenges the forfeiture on the ground that the vehicle was not used to transport the cocaine and thus did not facilitate the transaction.

Proceedings for forfeiture of vehicles used in drug transactions traditionally have been brought under 49 U.S.C. §§ 781–782. Section 781(a)(3) provides:

(a) It shall be unlawful ... (3) to use any vessel, vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article.

Section 782 provides in pertinent part: Any vessel, vehicle, or aircraft which has been or is being used in violation of any provision of section 781 of this title, or in, upon, or by means of which any violation of said section has taken or is taking place, shall be seized and forfeited.

"Narcotic drugs" are included in the definition of contraband in § 781.

■ As a general rule, forfeiture is not favored, and statutes providing for forfeiture are strictly construed. *United States v. One 1936 Model Ford Deluxe V–8 Coach*, 307 U.S. 219, 226, 59 S.Ct. 861, 864, 83 L.Ed. 1249 (1939). Thus, in cases involving narcotics, courts have interpreted this statute to cover only vehicles which serve as the site of a drug transaction or are used to transport the contraband itself. *See Howard v. United States*, 423 F.2d 1102 (9th Cir. 1970); *Platt v. United States*, 163 F.2d 165 (10th Cir. 1947).

In 1970, Congress enacted the Comprehensive Drug Abuse Prevention and Control Act, 21 U.S.C. § 801 *et seq.*, which in § 881(a) provides:

(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

(1) All Controlled substances which have been manufactured, distributed, dispensed or acquired in violation of this subchapter.

(2) All raw materials, products, and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance in violation of this subchapter.

(3) All property which is used, or intended for use, as a container for property described in paragraph (1) or (2).

(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation,

sale, receipt, possession, or concealment of property described in (1) or (2).

The two forfeiture statutes are substantially similar. There are, however, two significant differences: § 881 applies to controlled substances only, while § 781 applies to various types of contraband; and § 881 includes the phrase "in any manner."

■ The inclusion of this language leaves no doubt that Congress intended forfeiture of conveyances under the narcotics laws to have a wider reach than the general contraband forfeiture under 49 U.S.C. § 781. To hold otherwise would negate the need for and purpose of the new statute. Moreover, § 881 was passed as a part of the Comprehensive Drug Abuse Prevention and Control Act of 1970. The unmistakable Congressional purpose behind the adoption of the Comprehensive Act was to strengthen law enforcement in the area of drug abuse prevention. As stated in the House Report, "This legislation is designed to deal in a comprehensive fashion with the growing menace of drug abuse in the United States ... (2) through providing more effective means for law enforcement aspects of drug abuse prevention and control." H.Rep.No. 91–1444, 91st Cong., 2nd Sess., 1970 U.S. Code Cong. & Admin. News pp. 4566, 4567.

Forfeiture provisions are an essential part of the law enforcement effort in the area of illegal drugs. In construing a Puerto Rican forfeiture statute almost identical to § 881, the Supreme Court declared:

> Forfeiture of conveyances that have been used—and may be used again—in violation of the narcotics laws fosters the purposes served by the underlying criminal statutes both by preventing further illicit use of the conveyance and by imposing an economic penalty, thereby rendering illegal behavior unprofitable.

*Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 686, 94 S.Ct. 2080, 2093, 40 L.Ed.2d 452 (1974).

Schore argues that Fifth Circuit precedent requires reversal, citing *United States v. One 1971 Chevrolet Corvette Automobile*, 496 F.2d 210 (5th Cir. 1974). There the owner drove the appellant vehicle several blocks to a relative's apartment where he exchanged it for another car in which he traveled to the site of the drug transaction. In holding that the second vehicle was not subject to forfeiture, we reasoned that the use lacked the necessary nexus with the transaction to bring it within the forfeiture statute. *Corvette*, however, is not dispositive of this case for two reasons. The use of the vehicle in *Corvette* was more remote than here where the Cadillac transported both the dealer and courier to the actual site of the transaction. More importantly, however, is the fact that the government in *Corvette* sought forfeiture under 49 U.S.C. § 781(a)(3) rather than the broader coverage of § 881.

For the latter reason, we are not persuaded by other cases cited by Schore, none of which were brought under § 881: *Howard v. United States*, 423 F.2d 1102 (9th Cir. 1970) (forfeiture under 49 U.S.C. § 782 reversed where automobile used to transport defendant to load car); *Simpson v. United States*, 272 F.2d 229 (9th Cir. 1959) (automobile used to transport owner to bookmaking establishment not subject to forfeiture under an internal revenue forfeiture statute); *Platt v. United States*, 163 F.2d 165 (10th Cir. 1947) (forfeiture under 49 U.S.C. § 782 not allowed where automobile used to drive to drugstore to obtain illegal drug and owner knew of use). Nor are we persuaded by the Ninth Circuit opinion in *United States v. One 1970 Pontiac GTO, 2 Door Hardtop*, 529 F.2d 65 (1976). There, in a proceeding brought under § 881, the court upheld forfeiture where payment for narcotics took place in the automobile. In dicta, citing *Howard, supra*, the court stated: "This automobile was used to help the sale of the contraband; it was not used merely to commute to the scene of the criminal activity." The opinion, however, fails to note that *Howard* involved 49 U.S.C. § 781, while *Pontiac GTO* was brought under 21 U.S.C. § 881, a distinction that we perceive to be pivotal.

■ In this case, forfeiture proceedings were brought under both 21 U.S.C. § 881

and 49 U.S.C. § 781. Thus, .although 49 U.S.C. § 781 has been construed as limiting forfeiture to conveyances used to house the transaction itself or to transport the contraband,[1] the broadened language of § 881 is not so restrictive, and forfeiture will lie if the conveyance is used *in any manner* to facilitate the sale. Here the vehicle transported the supplier and her accomplice to the actual scene of the transaction. Albeit that Andiarena negotiated the preliminary arrangements and furnished an apartment for the meeting and that Hernandez acted as courier to transfer the drugs from another site, it was Schore who was the indispensable link, the one who approved the price and buyers, and signaled for the delivery—in effect the catalyst that activated and controlled the transaction.

The Second Circuit recently construed § 881 to cover a situation factually similar to the one before us. *United States v. One 1974 Cadillac Eldorado Sedan*, 548 F.2d 421 (2d Cir. 1977), involved the use of a vehicle to transport a narcotics peddler to the scene of an anticipated sale which was not consummated until a subsequent date. In reversing the district court's denial of the forfeiture, the court reasoned that the earlier meeting was an integral part of the conspiracy; thus, there was a sufficient nexus between the use of the vehicle and the later sale of the controlled substance to constitute facilitation within the meaning of § 881(a)(4).

The facts here are more immediate. The use of the Cadillac in transporting Schore to the site facilitated the transaction by enabling her to consummate the sale at the prearranged time and place. We conclude such use of the vehicle to transport the dealer to the scene forms a sufficient nexus between the vehicle and the transaction to validate forfeiture under 21 U.S.C. § 881. We therefore AFFIRM.

---

1. We note that no Fifth Circuit cases have construed 49 U.S.C. §§ 781–782 to apply only to vehicles in which contraband was transported or within which a transaction occurred. Indeed, in *Corvette, supra*, in dicta we opined that changing of cars to evade peace officers and thus enable a clandestine transfer to take place would constitute facilitation within the meaning of § 781. Because the Schore vehicle brought to the scene the person who orchestrated the entire transaction, it may be that this vehicle facilitated the transaction within the meaning of 49 U.S.C. § 781. Since we hold that the vehicle was properly forfeited under 21 U.S.C. § 881, however, we do not decide whether the vehicle also came within the ambit of 49 U.S.C. § 781.