**UNITED STATES of America, Petitioner,**

v.

**$39,480.00 IN UNITED STATES CURRENCY, Respondent.**

**No. MO–01–CA–157.**

United States District Court, W.D. Texas, Midland–Odessa Division.

March 6, 2002.

---

Janet Bauerle Anderson, Assistant U.S. Attorney, San Antonio, TX, for the Government.

Rhett Hoestenbach, Austin, TX, for Claimant Leticia Bullock.

## ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND ANSWER TO COMPLAINT FOR FORFEITURE

FURGESON, District Judge.

Claimant Leticia Bullock timely filed a claim for $39,480.00 that federal agents seized from her boyfriend, pursuant to 21 U.S.C. § 881. Despite its good faith attempt to comply with the ninety-day deadline set out in 18 U.S.C. § 983, the Government filed its Verified Complaint for Forfeiture one day late. Bullock seeks dismissal of the Government's Complaint and release of the Respondent Property.

Before the Court is Bullock's Motion to Dismiss and Answer to Complaint for Forfeiture, filed on November 30, 2001, in the above-captioned matter. On February 20, 2002, the Court held a hearing on the Motion to Dismiss. After due consideration, the Court finds that Bullock's Motion should be DENIED.

### FACTUAL AND PROCEDURAL BACKGROUND

This forfeiture case stems from the seizure of $39,480.00 in United States currency from Hector Luna, the boyfriend of Claimant Leticia Bullock. In the early morning hours of March 26, 2001, Luna left Earl's II Lounge in Odessa, Texas and was stopped by officers of the Odessa Police Department for a traffic violation. Agents of the Drug Enforcement Agency ("DEA"), who had Luna under surveillance for almost a week, also stopped and requested consent to search a suitcase in Luna's truck. Luna consented to the search and the agents found $39,480.00 bound in packets and sealed in plastic bags. A canine gave a positive alert for the scent of narcotics on the plastic bags containing the currency. Pursuant to the forfeiture provisions in 21 U.S.C. § 881, the DEA agents seized the money as having been received in exchange for controlled substances.

On July 26, 2001, pursuant to 18 U.S.C. § 983(a)(2)(A), Bullock filed a claim with the DEA for the seized currency. Ninety-one days later, on October 25, 2001, the Government filed a Verified Complaint for Forfeiture in this Court, seeking a judgment of forfeiture against the Respondent Property. Bullock then filed the Motion to

Dismiss and Answer to Complaint for Forfeiture currently before the Court. On December 14, 2001, the Government responded to Bullock's Motion, and on December 27, 2001, she filed a reply to the Government's Response. The Court held a hearing on the Motion on February 20, 2002.

## DISCUSSION

An apparently routine seizure gave way to the bizarre series of facts that constitutes the basis of the Motion. Bullock moves to dismiss based on the Government's failure to comply with the statutory requirements of 18 U.S.C. § 983.

Section 983, part of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), sets out the general rules for civil forfeiture proceedings. Pursuant to section 983(a)(3)(A), the Government must file a complaint for forfeiture "[n]ot later than 90 days after a claim has been filed." [1] However, a court in the district in which the complaint will be filed may extend the ninety-day period for good cause shown or upon agreement of the parties. [2] The Government may also satisfy the time limits by obtaining a criminal indictment containing an allegation that the property is subject to forfeiture and taking the "steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." [3] If the Government fails to file a complaint for civil forfeiture before the time period expires and also does not obtain a criminal indictment and proceed under an appropriate criminal forfeiture statute, the Government must "promptly release the property" and is forbidden from taking "any further action to effect the civil forfeiture of such property in connection with the underlying offense." [4]

Bullock's sole ground for dismissal is that the Government failed to file its Verified Complaint within the ninety-day period and, therefore, the Government is mandated to release the Respondent Property. The Government, in turn, requests the Court to apply its equitable powers and toll the time period for one day, so that its Verified Complaint for Forfeiture may be considered timely filed.

The Government concedes that it responded one day late; however, it argues that its good faith reliance on an administrative error merits tolling the statute and denying the Motion to Dismiss. The Government explained that the DEA forwarded a copy of the claim with an incorrect original date-stamp of July 27, 2001, as the date of filing, to the United States Attorney's Office. The Government believed this date-stamp to be accurate and relied on it in calculating the ninety-day period in which it could file a complaint for forfeiture. Based on its reliance on the erroneous date-stamp, the Government filed its Verified Complaint on October 25, 2001, ninety days after July 27, 2001, but ninety-one days after Bullock had actually filed her claim.

Following the filing of the Motion to Dismiss, the Assistant United States Attorney discovered that the DEA's copy of Bullock's claim bears an original date-stamp of July 26, 2001 as the date of filing. The Government is unable to explain the discrepancy in the date-stamps on the two copies and cannot locate the original claim.

 Neither party to the litigation has presented any authority construing the particular subsection of CAFRA at issue, nor is the Court aware of any. However, the Court is well aware that, as a general

---

1. 18 U.S.C. § 983(a)(3)(A).

2. *Id.*

3. 18 U.S.C. § 983(a)(3)(B).

4. *Id.*

rule, forfeitures are not favored by the law and statutes providing for forfeitures are strictly construed.[5] Furthermore, the Court understands that the current statutory deadlines were meant to remedy the pre-CAFRA reality, in which statutory deadlines for the commencement of civil forfeiture proceedings were absent.[6] "The enactment of CAFRA was, in part, a reaction to the perception that there was some inequity in imposing strict deadlines and sanctions on property owners contesting civil forfeiture actions, while not imposing similar deadlines and sanctions on the government."[7] The purpose of the ninety-day time period in section 983, then, is to prevent the government from retaining property subject to forfeiture "for an extended period without commencing a judicial action that will give the claimant his day in court."[8]

Here, strict construction of the statute would result in dismissal of the case, the return of the property to Bullock, and the inability of the Government to bring future civil forfeiture actions against the Respondent Property. Upon considering the relevant circumstances of the Government's one-day delay in filing its Complaint, the Court hesitates to construe the statute that strictly.[9]

■ First, the Government has acted diligently and with good faith in prosecuting the instant case. If the July 27 date-stamp on the copy in the possession of the United States Attorney had been correct, the Government would have been in full compliance with the ninety-day limitations period. Instead, the Government's good faith reliance on the July 27 date-stamp caused it to miss the filing deadline by one day. Had the Government known of the erroneous date, it could have requested additional time to file the complaint, pursuant to section 983(a)(3)(A), and the Court would likely have granted its request. The Government made every effort to comply with both the spirit and letter of the law and was clearly not attempting to frustrate the purpose of the statutory deadline by holding the Respondent Property for an extended period without commencing forfeiture proceedings.

Furthermore, the one-day delay does not prejudice Bullock in any meaningful way. She does not assert that she is under any specific hardship because of the seizure of the money, and an additional

---

5. *First Am. Bank & Trust of La. v. Tex. Life Ins. Co.*, 10 F.3d 332, 335 (5th Cir.1994); *United States v. One 1977 Cadillac Coupe De-Ville: VIN 6D47S7Q234771*, 644 F.2d 500, 501 (5th Cir.1981).

6. Stefan D. Cassella, *The Civil Asset Forfeiture Reform Act of 2000: Expanded Government Forfeiture Authority and Strict Deadlines Imposed on All Parties*, 27 J.Legis. 97, 122–25 (2001) (discussing the pre-CAFRA lack of statutory deadlines and explaining that "the only protection a property owner had against government delay was the Due Process Clause of the Fifth Amendment ...," yet courts declined to find due process violations despite lengthy delays in commencing forfeiture actions).

7. Cassella, *supra* note 6, at 125.

8. Cassella, *supra* note 6, at 144.

9. *But cf. United States v. One 1991 Ford Mustang LX, VIN 1FACP44E6MF151861*, 909 F.Supp. 831 (D.Colo.1996) (denying government's request for retroactive extension of time limit and refusing to consider whether government had good cause for request when government filed complaint for forfeiture two days after expiration of filing deadline imposed by 21 U.S.C. § 888(c)); *United States v. One White 1987 Tempest Sport Boat Named "El Matador"*, 726 F.Supp. 7 (holding that government was not entitled to extension of time limit under 21 U.S.C. § 881–1 to rectify one-day delay in filing where government was aware of the circumstances contributing to the delay prior to the expiration of the time limit and could have requested an extension before the deadline expired).

day is so inconsequential that it could not significantly exacerbate any difficulty. Likewise, the additional day does not compromise the merits of Bullock's claim in any respect. She will still have her day in court and is not prejudiced solely because the Government's claim may turn out to be meritorious.[10]

In contrast to the lack of prejudice to Bullock, dismissal of the Government's complaint would have a draconian effect on the Government's case. Granting the Motion to Dismiss would force the Government to release the Respondent Property and bar it from any further action to effect civil forfeiture of that property.[11] This harsh result seems inequitable in light of the Government's good faith attempt to comply with section 983 and the minimal delay caused by its unintentional non-compliance.

Finally, the Court combines its consideration of the above factors with its strong preference for resolving disputes on the merits when possible, instead of determining the outcome solely on technical or procedural grounds. Therefore, in light of the Government's good faith attempt to comply with section 983, the minimal delay in filing the complaint, the lack of prejudice to Bullock, and the potential of severe prejudice to the Government, the Court opts to toll the ninety-day deadline for one day and considers the Government's Verified Complaint for Forfeiture timely filed.[12] Accordingly, the Court denies Claimant's Motion to Dismiss.

---

**10.** *See United States v. Borromeo*, 945 F.2d 750, 754 (4th Cir.1991) (emphasizing that the mere fact that the claimant's claim may turn out to be meritorious did not constitute prejudice to the government).

**11.** *See* 18 U.S.C. § 983(a)(3)(B).

## CONCLUSION

For the reasons stated above, the Court finds that tolling the ninety-day deadline in section 983(a)(3)(A) is appropriate and that Claimant's Motion to Dismiss should be denied.

It is therefore ORDERED that Claimant's Motion is DENIED.

---

**12.** *Cf.* 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1165 (3d ed.2002) (discussing a district court's discretion to order an extension after the expiration of a specified time period, pursuant to Federal Rule of Civil Procedure 6(b)(2), if the applicant's failure to act in a timely fashion occurred as a result of excusable neglect).