NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1145
_____

UNITED STATES OF AMERICA

v.

MELANIA SYDER,
Appellant
_____

On Appeal from the District Court
for the Virgin Islands
(D.C. Criminal No. 3:23-CR-00050-001)
Magistrate Judge: Honorable Ruth Miller
_____

Argued on December 11, 2024

Before: CHAGARES, *Chief Judge*, MONTGOMERY-REEVES and FISHER,
*Circuit Judges*.

(Filed: January 7, 2025)

Matthew A. Campbell ARGUED
Office of Federal Public Defender
1336 Beltjen Road
Suite 202, Tunick Building
St. Thomas, VI 00802
    *Counsel for Appellant*

Delia L, Smith, United States Attorney
Adam Sleeper, Assistant United States Attorney ARGUED
Office of United States Attorney
5500 Veterans Drive

United States Courthouse, Suite 260
St. Thomas, VI 00802
      *Counsel for Appellee*

_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

Melania Syder was tried and convicted of illegal entry into the United States under

8 U.S.C. § 1325(a). At her bench trial, she presented none of her own witnesses or

evidence. After the close of the Government's case and concurrently with her closing

argument, she moved for a judgment of acquittal under Federal Rule of Criminal

Procedure 29. The District Court denied this motion, finding Syder guilty and sentencing

her to time served. Syder appeals the denial of her Rule 29 motion and requests that we

reverse her conviction and remand with instructions to grant her Rule 29 motion and

dismiss her case.[1] First, she argues that the evidence was insufficient to sustain her

conviction because the Government failed to prove "beyond a reasonable doubt that she

_____

[*]  This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Although Syder is not in custody at the time of filing her appeal, her request to have her conviction vacated and the case against her dismissed is not moot. *United States v. Romero-Vilca*, 850 F.2d 177, 179 (3d Cir. 1988) (holding that a "request for relief from a judgment of sentence does not become moot upon the satisfaction of that sentence when burdensome collateral consequences [such as immigration consequences] flow from the judgment of conviction and survive the satisfaction of the sentence.").

2

knew she was entering the United States when she set foot on [St.] John."[2] Second, she argues that because the District Court failed to make a specific finding that she knowingly entered the United States, she was convicted without all elements of the crime being proven. We disagree and will affirm.

Under Rule 29, "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."[3] To sustain its burden of proof in criminal prosecutions, the Government "must establish each element [of a crime] beyond a reasonable doubt."[4] When reviewing the decision to grant or deny a Rule 29 motion, we conduct a "'highly deferential' review"[5] and must reject a sufficiency of the evidence challenge if, after viewing the evidence as a whole

---

[2] Appellant's Br. 6. Section 1325 does not refer to the intent required for illegal entry, and this Court has never squarely addressed it. Neither have our sister circuits, though many have discussed the *mens rea* required for a closely related statute criminalizing illegal reentry, 8 U.S.C. § 1326. *See, e.g.*, *United States v. Berrios-Centeno*, 250 F.3d 294, 298 (5th Cir. 2001) ("[T]hat general intent is the appropriate mental state for § 1326 offenses in all circumstances, is in accord with our sister circuits.").

We need not weigh in on this issue here. As discussed below, the District Court had a reasonable basis to conclude that Syder knowingly entered the country, even if § 1325 demands that level of intent. And this Court "may affirm the District Court's judgment on any basis supported by the record." *Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). Because we need not determine for this appeal what *mens rea* under § 1325 requires, we leave that question for another day.

[3] Fed. R. Crim. P. 29(a).

[4] *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 425 (3d Cir. 2013) (en banc).

[5] *United States v. Sussman*, 709 F.3d 155, 162 (3d Cir. 2013) (quoting *United States v. Helbling*, 209 F.3d 226, 238 (3d Cir. 2000)).

and "in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[6] As the original motion for acquittal arose at the close of the Government's case and in conjunction with Syder's closing argument, we may review all evidence that the District Court reviewed.[7]

Given Syder's admission that she was an alien who illegally entered the United States when she landed on St. John, the Government was only required to prove that Syder knowingly entered the United States. Reviewing the District Court's decision with the appropriate deference, we agree that the Government met its burden. While the Government must provide sufficient evidence to support a finding that Syder knew she was entering the United States, it may do so using direct or circumstantial evidence.[8] This includes inferences, so long as they bear a logical or convincing connection to the established facts.[9] Here, the Government presented more evidence than Syder's mere presence in the United States to support the inference that she knowingly entered. It presented evidence that upon Syder's alleged surprise arrival on St. John in the middle of the night, she made no attempt to return to Tortola, even though she had booked a hotel there, had left all her belongings there, and had planned to be there for fifteen days to

---

[6] *Caraballo-Rodriguez*, 726 F.3d at 424–25 (quoting *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)).

[7] *See United States v. Brodie*, 403 F.3d 123, 133–34 (3d Cir. 2005) ("Our scope of review is dictated by the procedural posture in which this case comes before us.").

[8] *See id.* at 134.

[9] *Caraballo-Rodriguez*, 726 F.3d at 425.

visit with friends. The Government also established that Syder took a ferry to St. Thomas the next morning, where she found lodging, worked as a hairstylist and masseuse, and spent six months without reporting to immigration authorities. Based on this evidence, the District Court found that Syder's assertion of unknowing entry did not "ring true."[10]

Syder argues that the District Court's failure to believe her imposed on her the affirmative burden of proving lack of knowledge and violated her due process right to have the Government prove all elements of the charged crime. Syder also argues that "while the [District] Court could disbelieve the affirmative evidence of [her] innocence, that disbelief did not *a fortiori* create affirmative evidence of guilt."[11] In so arguing, Syder misunderstands the broad discretion afforded to factfinders in weighing the evidence presented to them. First, the District Court did not make any impermissible inferences from Syder's failure to testify, such as inferring guilt.[12] Second, when the facts support conflicting inferences, "we 'must presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'"[13] Finally, by requesting that we disregard the District Court's determination that her statement was not credible, Syder essentially asks us to review the District Court's determination of her

---

[10] JA 47.

[11] Appellant's Br. 17.

[12] *See Mitchell v. United States*, 526 U.S. 314, 327–28 (1999) (reaffirming that a finder of fact may not draw a negative inference from a criminal defendant's failure to testify).

[13] *Eley v. Erickson*, 712 F.3d 837, 850 (3d Cir. 2013) (quoting *Jackson*, 443 U.S. at 326).

credibility, which we cannot do.[14] Accordingly, we agree with the District Court that the Government presented sufficient evidence to sustain a guilty verdict.

Syder also challenges the District Court's failure to make a specific finding as to whether she knew she was entering the United States. First, she argues that she was convicted without all elements of the crime having been proven.[15] However, under Federal Rule of Criminal Procedure 23, a district court is not required to make specific findings unless a defendant or the Government requests it do so.[16] Given that neither Syder nor the Government requested specific findings of fact prior to the verdict being rendered, nor did either party ask for clarification after the verdict, the District Court was not obligated to make specific findings corresponding to each element of § 1325. Therefore, as the reviewing court, we may "imply findings of fact that support a general finding of guilt in a non-jury trial where the evidence so warrants and the defendant has not requested specific findings under Fed. R. Crim. P. 23."[17] Additionally, Syder's argument misplaces the burden of the prosecution and wrongfully attributes it to the District Court. Although the District Court did not enter specific findings of fact, the

---

[14] *Gov't of Virgin Islands v. Gereau*, 502 F.2d 914, 921 (3d Cir. 1974) (credibility determinations are uniquely the province of the fact finder), *abrogated on other grounds by Corley v. United States*, 556 U.S. 303, 322 (2009).

[15] Appellant's Br. 21–22.

[16] *United States v. Livingston*, 459 F.2d 797, 798 (3d Cir. 1972) (en banc) (holding that Rule 23 "requires only that the court 'make a general finding and [. . .] in addition on request find the facts specially.'" (alteration in original) (quoting Fed. R. Crim. P. 23(c))).

[17] *United States v. Farrell*, 126 F.3d 484, 491 (3d Cir. 1997) (internal citations omitted).

Government's burden of proving all elements of the crime remained the same. As established above, the Government met its burden.

Further, even if we accept Syder's argument that the District Court nevertheless made specific findings of fact, we hold that the District Court properly found knowledge. Specifically, the District Court held that "the government has proved that Ms. Syder is an alien who entered the United States at a . . . time and place other than as approved by immigration authorities, and she did violate the terms of [§] 1325."[18] The District Court also specifically determined that Syder was guilty because she knew how to legally enter the United States, "but did not follow [the law]," and found it "incredible" that "she would get on a boat from another country, leave all of her belongings, and then just say, yeah, well I might as well just stay here while I'm here."[19] If we take these statements as specific findings of fact in support of the verdict, "[o]ur review of the evidence satisfies us that [knowledge] was a possible finding on the evidence taken as a whole."[20] Therefore, the District Court did not err in finding Syder guilty.

Finally, Syder argues that, because the Government asserted that § 1325 is a strict liability statute at trial and because the District Court did not specifically "conclude[] beyond a reasonable doubt that [she] knew she was entering the United States," we must

---

[18] JA 46.
[19] JA 46–47.
[20] *Gov't of the Virgin Islands v. Smith*, 278 F.2d 169, 173 (3d Cir. 1960).

reverse the conviction.[21] However, even if § 1325 requires proof of knowledge, we still conclude that the District Court properly found all elements of the crime. Although the Government at trial argued that § 1325 is a strict liability statute, the District Court did not rule on this issue. Additionally, the District Court was aware that the only issue before the Court was whether Syder had knowingly entered the United States. Accordingly, when the District Court not only explicitly stated that Syder's conduct violated § 1325, but also detailed that it found her asserted lack of knowledge unbelievable, the District Court ruled on the issue of whether Syder knew she was entering the United States.

As the Government presented sufficient evidence to prove Syder guilty under § 1325(a) and the District Court found all necessary elements of the crime, we will affirm.

---

[21] Appellant's Br. 22.