UNITED STATES of America, Plaintiff-Appellee,

v.

EIGHTY THREE THOUSAND THREE HUNDRED TWENTY DOLLARS ($83,-320) IN UNITED STATES CURRENCY AND FORTY DOLLARS ($40) IN CANADIAN CURRENCY, Defendant-Appellant.

No. 80–1834.

United States Court of Appeals, Sixth Circuit.

Argued April 13, 1982.

Decided June 29, 1982.

---

* Honorable James F. Gordon, Senior District Judge, Western District of Kentucky, sitting by designation.

James B. Feaster, Detroit, Mich., for defendant-appellant.

Richard A. Rossman, U. S. Atty., Michele Coleman Mayes, Lynn Richardson, Asst. U. S. Attys., Detroit, Mich., for plaintiff-appellee.

Before ENGEL, Circuit Judge, PHILLIPS, Senior Circuit Judge, and DUMBAULD,* Senior District Judge.

PHILLIPS, Senior Circuit Judge.

This is an appeal from a decision of District Judge Ralph B. Guy, Jr., ordering forfeiture to the United States of $83,320 in U.S. currency and $40 in Canadian currency. This currency was seized on June 13, 1979, from the home of the claimant, George Casey, after his arrest and the execution of a search warrant at his home in connection with narcotics violations.

Casey later entered a plea of guilty to a charge of engaging in a "continuing criminal enterprise" of illegal drug trafficking from 1973 to 1979, in violation of 21 U.S.C. § 848.[1] He posted a $500,000 bond and was released pending sentencing. He failed to appear for sentencing, however, and is presently a fugitive.

---

* The Honorable Edward Dumbauld, Senior District Judge, United States District Court for the Western District of Pennsylvania, sitting by designation.

1. 21 U.S.C. § 848 provides in part:

§ 848. Continuing criminal enterprise
Penalties; forfeitures

(a)(1) Any person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 10 years and which may be up to life imprisonment, to a fine of not more than $100,000, and to the forfeiture prescribed in paragraph (2); except that if any person engages in such activity after one or more prior convictions of him under this section have become final, he shall be sentenced to a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment, to a fine of not more than $200,000, and to the forfeiture prescribed in paragraph (2).

(2) Any person who is convicted under paragraph (1) of engaging in a continuing

The complaint for forfeiture alleged that the defendant currency had been furnished in exchange for a controlled substance, and that it was forfeitable under 21 U.S.C. § 881(a)(6).[2] Casey's attorney signed and filed an answer denying that the currency had been furnished for a controlled substance. On May 29, 1980, the attorney for Casey also filed in the district court a "notice of claim," claiming an interest in the currency on behalf of Casey (the claimant).

A hearing was held in the district court on November 4, 1980. The United States presented the testimony of two Drug Enforcement Administration agents who had been involved in the criminal investigation of the claimant. No witnesses were presented on behalf of the claimant, but the attorney for claimant cross-examined the Government's witnesses. On November 13, 1980, Judge Guy entered a judgment of forfeiture for the United States. The attorney for Casey filed a timely notice of appeal.

The United States then filed a motion to dismiss the appeal, pursuant to Rule 8 of the Rules of the Sixth Circuit, on the ground that the claimant was not entitled to appeal the forfeiture because he was a fugitive from justice. On July 14, 1981, a panel of this court, composed of Judges Merritt, Kennedy and Martin, entered an order denying the motion, finding, first that the motion did not allege jurisdictional grounds for dismissal, as ordinarily is required by Rule 8(a)[3] of this court, and second, that the cases cited by the Government involved appeals from convictions by escaped criminal defendants and not appeals from forfeitures, and thus they did not control the present case. On this appeal, we reaffirm the denial of the motion to dismiss, and affirm the finding of the district court of probable cause in favor of the Government.

I

In its motion to dismiss, the United States contended that the appeal should

---

criminal enterprise shall forfeit to the United States—
  (A) the profits obtained by him in such enterprise, and
  (B) any of his interest in, claim against, or property or contractual rights of any kind affording a source of influence over, such enterprise.
    Continuing criminal enterprise defined
  (b) For purposes of subsection (a) of this section, a person is engaged in a continuing criminal enterprise if—
  (1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and
  (2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter—
  (A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and
  (B) from which such person obtains substantial income or resources.

2. 21 U.S.C. § 881(a)(6) provides:
  § 881. Forfeitures
          Property subject
  (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
      *      *      *      *      *      *

  (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

3. Rule 8(a) of this court provides:
      MOTIONS AND MOTION PRACTICE
  Rule 8
  (a) Motion to Dismiss; Lack of Jurisdiction. At any time after a notice of appeal is filed a party may file a motion to dismiss on the ground that the appeal is not within the jurisdiction of the court. The appellant shall have ten (10) days from the date of service of the motion to respond.
    Any such motion or response shall be typewritten, and four (4) copies, with proof of service, shall be filed with the clerk.
    No motion to affirm the judgment appealed from may be filed. Motions to dismiss ordinarily may not be filed for other than jurisdictional grounds.

have been dismissed under the authority of *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), in which the Supreme Court dismissed the appeal of a convicted criminal defendant when the defendant had escaped from custody while the appeal was pending. As noted above, this court rejected this argument in ruling on the motion; on appeal, the Government now asks this court to extend the reasoning of *Molinaro* and other cases to an appeal from a forfeiture judgment brought when a claimant to the defendant property is a fugitive from justice in a related criminal proceeding. *See, e.g., Molinaro, supra*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970); *Estelle v. Dorrough*, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975); *Eisler v. United States*, 338 U.S. 189, 69 S.Ct. 1453, 93 L.Ed. 1897 (1949); *United States v. Dawson*, 350 F.2d 396, 397 (6th Cir. 1965); *Wayne v. Wyrick*, 646 F.2d 1268 (8th Cir. 1981); *Government of Virgin Islands v. James*, 621 F.2d 588 (3rd Cir. 1980); *Joensen v. Wainwright*, 615 F.2d 1077 (5th Cir. 1980).

We conclude that these cases are sufficiently distinguishable from the present action as to oblige us to reject the argument of the Government. In *Molinaro*, the Supreme Court said:

> While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims. 396 U.S. at 366, 90 S.Ct. at 498.

In a forfeiture proceeding, which is not a criminal proceeding but a civil *in rem* action brought against property believed to have been used in connection with (in this case) a violation of the Controlled Substances Act, the individual accused of the related criminal violation is not necessarily the only individual with a direct, litigable interest in the

outcome of the forfeiture action. *See, e.g., United States v. One 1976 Mercedes Benz 280S*, 618 F.2d 453 (7th Cir. 1980) for a general discussion of the historical background and present-day context of forfeiture actions. In that case, involving the forfeiture of an automobile owned by an individual who was not prosecuted for any violation of the law, the court noted:

> The seemingly harsh rule which permits condemnation of the vehicle without regard to the owner's culpability, is explained by the fact that historically forfeiture is a civil proceeding *in rem*. The vehicle or other inanimate object is treated as being itself guilty of wrongdoing, regardless of its owner's conduct. 618 F.2d at 454.

The escape of the criminal defendant should not be raised as a bar to those who may have a legitimate, innocent interest in exonerating the defendant property from its wrongdoing. If the currency in the present case, for example, derived from a legitimate business, as is alleged by the claimant, then creditors and employees of that business might well have an interest in the funds irrespective of the criminal conduct of the claimant or his escape from custody. We, therefore, decline to dismiss this appeal under the authority or reasoning of *Molinaro* and related cases.

## II

■ Turning to the substantive question presented on this appeal, we now must determine whether the Government met its burden of proof of showing probable cause that the currency was furnished in exchange for a controlled substance, as is necessary under 21 U.S.C. § 881(a)(6) before the Government can institute a forfeiture proceeding. The burden of proof in this case is the same as that applicable to forfeitures under the customs laws, as determined by 19 U.S.C. § 1615,[4] which has been

---

4. 19 U.S.C. § 1615 provides in part:
   § 1615. Burden of proof in forfeiture proceedings

   In all suits or actions (other than those arising under section 1592 of this title) brought for the forfeiture of any vessel, vehi-

cle, merchandise, or baggage seized under the provisions of any law relating to the collection of duties on imports or tonnage, where the property is claimed by any person, the burden of proof shall lie upon such claimant; and in all suits or actions brought for

made applicable to this proceeding by 21 U.S.C. § 881(d).[5] Under 19 U.S.C. § 1615, the Government has the initial burden of showing probable cause for the institution of the suit. Once it is established that there is probable cause to believe the property was involved in criminal wrongdoing, the burden shifts to the claimant to show that the property was not used in violation of the law.

■ The claimant did not present any witnesses at the hearing in the district court. Instead, his attorney cross-examined the Government's two witnesses about their knowledge of the source of the currency. We hold that the district court correctly found that the Government had established probable cause to believe that the confiscated currency derived from the illegal sale of drugs by claimant, and not from his allegedly legitimate business known as C & R Enterprises.

The facts relating to the currency are not in dispute. The police had observed Casey over a period of several years. They arrived at his house with both an arrest warrant and a search warrant. When they entered, Casey threw a large amount of currency into the air. The officers retrieved this money and found more money in a shoebox and in a handbag upstairs, as well as large quantities of heroin and cocaine. The agents testified that the narcotics business is a "cash and carry" operation, requiring large amounts of currency on hand. Most of the money was bound in similar $500 packets, which the district court found to be further circumstantial evidence of a common source. The court also relied on the plea of guilty by claimant to the criminal charge of engaging in a continuing criminal enterprise, under 21 U.S.C. § 848, which defines such an enter-

prise, in part, as one from which the accused "obtains substantial income or resources." 21 U.S.C. § 848(b)(2)(B).

The attorney for claimant cross-examined the witnesses about whether the money could have originated with C & R Enterprises, an allegedly legitimate business which the court found had lost upwards of $200,000 in recent years. Notwithstanding argument by counsel that a losing business may still generate cash, there was no testimony as to the alleged alternative source of this cash. The district judge found that C & R Enterprises was a conduit for funds derived from the claimant's illicit narcotics business.

These facts provide sound support for a finding of probable cause, which may be defined as a "reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *United States v. $22,287.00 in United States Currency,* 520 F.Supp. 675, 678 (E.D.Mich. 1981). Once the Government has made this showing, the burden under 19 U.S.C. § 1615 shifts to the claimant to show by a preponderance of the evidence that the property was not furnished in exchange for a controlled substance. *United States v. One 1975 Mercedes 280S,* 590 F.2d 196, 199 (6th Cir. 1978); *United States v. $22,287.00 in United States Currency,* 520 F.Supp. 675, 678 (E.D.Mich.1981); *United States v. One 1975 Chevrolet,* 495 F.Supp. 737, 740 (W.D. Mich.1980); *United States v. One 1973 Dodge Van,* 416 F.Supp. 43, 45–46 (E.D. Mich.1976).

At best, the claimant's cross-examination has shown that the agents could not state with absolute and positive certainty that the currency did not come from the legitimate operations of C & R Enterprises. But a remote possibility does not vitiate a

the recovery of the value of any vessel, vehicle, merchandise, or baggage, because of violation of any such law, the burden of proof shall be upon the defendant: *Provided,* That probable cause shall be first shown for the institution of such suit or action, to be judged of by the court, subject to the following rules of proof * * *

**5.** 21 U.S.C. § 881(d) provides in part:

(d) The provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of property for violation of the customs laws; * * * shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under the provisions of this subchapter, insofar as applicable and not inconsistent with the provisions hereof * * *

strong probability, and neither will it create a preponderance of evidence against a far more reasonable conclusion. The claimant has failed to carry his burden.

Affirmed.