782 F.2d 1044
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
PATRICIA L. MOORADIAN, Defendant-Appellant,
MARILYN STULL, Proposed Intervenor-Appellant.
 85-3553
 United States Court of Appeals, Sixth Circuit.
 12/10/85
 
 ORDER
 BEFORE: ENGEL and KENNEDY, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 
 1
 This matter is before the Court upon the appellee's motion to dismiss. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, appellee's motion and the appellant's response thereto, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Patricia Mooradian is appealing the denial of her motion for reduction of sentence filed pursuant to Rule 35(b), Federal Rules of Criminal Procedure. Mooradian is serving a ten year sentence for her part in a mail fraud scheme. Originally, she was sentenced to twenty years, but the trial court reduced the sentence to ten years. The facts of the twenty count mail fraud conviction are set forth in United States v. Stull, 743 F.2d 439 (6th Cir. 1984), cert. denied, 105 S. Ct. 1779 (1985). The appellee's motion to dismiss is based upon the contention that the issue in this action, abuse of discretion by the district court in denying the motion to reduce the sentence, has been conclusively decided against the appellant in a prior denial of Rule 35(b) relief. That denial had been affirmed by this Court in United States v. Mooradian, No. 84-3077 (6th Cir. August 26, 1985). The appellant argues that the motion to dismiss must be denied because it is not based upon jurisdictional grounds.
 
 
 3
 'Motions to dismiss ordinarily may not be filed for other than jurisdictional grounds.' Rule 8(a), Rules of the Sixth Circuit. The appellees are making a res judicata type argument. There have been no allegations that the appeal is jurisdictionally defective (e.g., that it is taken from a nonfinal order or that the appeal was not filed in a timely fashion). Consequently, the motion is procedurally defective as it is based upon substantive grounds. See United States v. $83,320 in United States Currency, 682 F.2d 573 (6th Cir. 1982).
 
 
 4
 Review of this action pursuant to Rule 9(a), Rules of the Sixth Circuit, however, reveals that the appellant's appeal is frivolous. The standard on review of a Rule 35(b) denial is whether the trial court abused its discretion in refusing to further modify the appellant's sentence. See United States v. Jones, 533 F.2d 1387, 1394 (6th Cir. 1976), cert. denied, 431 U.S. 964 (1977). The sentence received is within legal limits, and the district court has already once modified the sentence. Review of the sentencing transcript indicates that the sentence given was based upon the appellant's willing involvement in a large scale crime and her apparent willingness to continue in the illegal activity. The district court did not abuse its discretion in refusing to modify the sentence.
 
 
 5
 Accordingly, it is ORDERED that the motion to dismiss be denied as it is not based on jurisdictional grounds. Further, it is ORDERED that the judgment of the district court be affirmed pursuant to Rule 9(d)(2), Rules of the Sixth Circuit.