**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**ONE 1984 CADILLAC,**
**Defendant–Appellant.**

**No. 89–5037.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 11, 1989.
Decided Nov. 7, 1989.

Joseph M. Whittle, U.S. Atty., William F. Campbell, argued, James H. Barr, Asst. U.S. Attys., Office of the U.S. Atty., Louisville, Ky., for plaintiff-appellee U.S.

Frank E. Haddad, Jr., Jerome E. Wallace, argued, Louisville, Ky., for defendant-appellant One 1984 Cadillac Sedan Deville VIN 1G6AM6988E9084773.

Before KEITH, MILBURN and NORRIS, Circuit Judges.

MILBURN, Circuit Judge.

Claimant Patricia Glenn ("Glenn") appeals the district court order granting summary judgment for the United States in this action to enforce forfeiture of one 1984 Cadillac Sedan de Ville ("Cadillac"). For the reasons that follow, we affirm.

I.

A.

On March 23, 1988, the United States filed a complaint for forfeiture in rem alleging that the Cadillac in question was used on December 23, 1986, in Jefferson County, Kentucky, to transport or to facilitate the transportation, sale, receipt, possession, concealment, purchase, barter, exchange, or giving away of a quantity of cocaine in violation of 21 U.S.C. § 881(a)(4) (Supp.1989). Glenn filed a claim and answer on June 23, 1988.

On July 28, 1988, the United States filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. In support of its motion, the United States filed an affidavit signed by Richard A. Badaracco, a special agent with the Drug Enforcement Administration ("DEA") of the United States Department of Justice. On August 29, 1988, Glenn filed an answer and cross-motion for summary judgment, but did not file an affidavit to rebut the government's affidavit. On December 8, 1988, the district court entered its memorandum opinion and order granting summary judgment for the United States, holding that the government had established probable cause sufficient to justify forfeiture of the Cadillac. This timely appeal followed.

B.

The facts in this case are taken from the affidavit of DEA Agent Badaracco. Ba-

daracco was the case agent for a DEA investigation of Carlye Ingram, proprietor of the Preston Pawn Shop located at 5213 Preston Highway, Louisville, Kentucky. On December 5, 1986, the United States District Court for the Western District of Kentucky granted DEA's application for the interception of wire and oral communications at the Preston Pawn Shop. The interception was authorized to last for forty-five days. On five occasions prior to December 23, 1986, three of which occurred on December 12, 17, and 20, a confidential informant made purchases of from one to two ounces of cocaine on each occasion from Ingram at the Preston Pawn Shop. Each time the informant purchased cocaine, he telephoned to place his order, then stopped by the shop to pick up the cocaine. The suspected cocaine was sent on each occasion to the DEA lab in Chicago, where it tested positive for the presence of cocaine.

On December 23, 1986, DEA agents intercepted a telephone call by Glenn to the Preston Pawn Shop. Glenn told Ingram that she would come by the shop that afternoon and needed "one, ah, you know ... a small one." Ingram responded, "Yeah." Glenn then asked if Ingram had "it," and Ingram answered, saying "Okay."

At approximately 2:23 p.m. on December 23, 1986, surveillance officers observed a silver, four-door 1984 Cadillac Sedan de Ville, Kentucky registration PXH–624, in the parking lot of the Preston Pawn Shop. About twelve minutes later, a white female was observed leaving the pawn shop, entering the vehicle and leaving the area. The female was later identified as Patricia Glenn, and an inquiry with the NCIC revealed that Kentucky license plate PXH–624 was registered to Patricia Glenn, 8808 Fairground Road, Louisville, Kentucky, on a 1984 silver, four-door Cadillac Sedan de Ville.

On March 16, 1987, Carlye Ingram decided to cooperate with the DEA. Ingram admitted that one of the individuals to whom he had distributed cocaine on more than one occasion was Patricia Glenn. The issue on appeal is whether the United States established probable cause to believe the Cadillac was used on December 23, 1986, in Jefferson County, Kentucky, to transport or to facilitate the transportation, sale, or possession of cocaine, so as to justify civil forfeiture of the Cadillac pursuant to 21 U.S.C. § 881(a)(4).[1]

## II.

██ When the United States brings a civil forfeiture action, "the burden of proof is on the 'accused' owner or possessor, provided that the government first make[s] a preliminary showing of probable cause to believe that the vehicle was used in the [illegal] operation." *United States v. One 1975 Mercedes 280S*, 590 F.2d 196, 199 (6th Cir.1978) (per curiam) (quoting *United States v. One Twin Engine Beech Airplane*, 533 F.2d 1106, 1107 (9th Cir.1976)). The probable cause standard in a forfeiture proceeding is the same standard employed to test searches and seizures. *Id.* Probable cause is "defined as a 'reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion.'" *United States v. $83,-320 in United States Currency*, 682 F.2d 573, 577 (6th Cir.1982) (quoting *United States v. $22,287.00 in United States Currency*, 520 F.Supp. 675, 678 (E.D.Mich. 1981)). In discussing probable cause for a warrantless search, we have stated, "[P]robable cause is the sum total of layers of information and the synthesis of what the police have heard, what they know, and what they observe as trained officers. We weigh not individual layers but the 'laminated total.'" *United States v. Nigro*, 727 F.2d 100, 104 (6th Cir.1984) (en banc) (quot-

---

**1.** Section 881(a)(4) provides:
   (a) The following shall be subject to forfeiture to the United States and no property rights shall exist in them:
   *  *  *  *  *  *
   (4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are in-

tended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances or equipment used to produce them]....

ing *Smith v. United States,* 358 F.2d 833, 837 (D.C.Cir.1966), *cert. denied,* 386 U.S. 1008, 87 S.Ct. 1350, 18 L.Ed.2d 448 (1967)).

Glenn argues this court should adopt a stricter forfeiture standard; *i.e.,* that there must be a "substantial connection" between the vehicle to be forfeited and the criminal activity. Glenn cites several cases in which other circuits, relying upon the legislative history for the 1978 amendment to Section 881, have adopted the substantial connection test. *See, e.g., United States v. One 1976 Ford F–150 Pick–Up,* 769 F.2d 525, 527 (8th Cir.1985) (per curiam); *United States v. One 1972 Chevrolet Corvette,* 625 F.2d 1026, 1029 (1st Cir. 1980).

The 1978 amendment to Section 881 *added subsection (a)(6),* which authorizes forfeiture actions against *proceeds* from the sale of controlled substances.[2] The legislative history for the 1978 amendment states that "it is the intent of these provisions that property would be forfeited only if there is a substantial connection between the property and the underlying criminal activity. . . ." Psychotropic Substances Act of 1978, Joint Explanatory Statement of Titles I and II, 95th Cong., 2d Sess. 8, *reprinted in* 1978 U.S.Code Cong. & Admin.News 9496, 9518, 9522.

However, at least one circuit has specifically rejected applying the "substantial connection" standard to subsection (a)(4). In *United States v. 1964 Beechcraft Baron Aircraft,* 691 F.2d 725, 727 (5th Cir.1982) (per curiam), *cert. denied,* 461 U.S. 914, 103 S.Ct. 1893, 77 L.Ed.2d 283 (1983), the court held that the "substantial connection" standard was applicable *only* to subsection (a)(6), which was added in 1978. The court noted that the 1978 amendment's legislative history makes no mention of using the substantial connection test for other sec-

tion 881 forfeiture actions. *Id.* Thus, there is disagreement among the circuits as to whether the "substantial connection" test should be applied to a section 881(a)(4) forfeiture action.

In deciding this case, we are bound by *United States v. One 1975 Mercedes 280S, supra.* It is well established that "[a] panel of this Court cannot overrule the decision of another panel." *Salmi v. Secretary of Health and Human Services,* 774 F.2d 685, 689 (6th Cir.1985). However, were we to apply the "substantial connection" standard to this section 881(a)(4) forfeiture action, we would hold that the United States has presented sufficient evidence to establish probable cause. The uncontradicted affidavit of DEA Agent Badaracco reveals that cocaine was being sold frequently during the month of December 1986 by Ingram at the Preston Pawn Shop. The affidavit shows that on December 23, 1986, Glenn telephoned Ingram at the Preston Pawn Shop and used the type of evasive language which individuals often use to cloak their purchase of illegal narcotics. The affidavit also shows that on December 23, 1986, surveillance officers observed the silver, four-door Cadillac, having a license plate registered to Glenn, in the Preston Pawn Shop parking lot. The affidavit further reveals that a white female, later identified as Glenn, was observed leaving the pawn shop, entering the Cadillac, and leaving the area. Furthermore, the affidavit shows that Glenn had been purchasing cocaine from Ingram on more than one occasion.

■ *As Glenn failed to offer a rebuttal affidavit to counter the government's affidavit or to support her cross-motion for summary judgment,* no issue of material fact exists. Glenn therefore is limited to

**2.** Section 881(a)(6) provides:
(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

   \*    \*    \*    \*    \*    \*

(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable

to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

arguing that the government's affidavit failed to establish probable cause. Glenn argues that the government's affidavit requires too many unsupported assumptions and interdependent inferences to establish probable cause. For example, Glenn points out that the affidavit fails to state how agents identified her as the caller on December 23, 1986, that the affidavit also fails to state how agents identified her as the white female seen leaving the pawn shop and entering the Cadillac, and that there was no surveillance officer inside the pawn shop to confirm that an illegal drug transaction occurred. Glenn also questions the reliability of identifying the Cadillac by its license plate, and argues that the only accurate method for identifying a vehicle is to check its vehicle identification number, which the agents did not do in this case.

Glenn's arguments must be assessed in light of the probable cause evidentiary burden on the government. As earlier stated, probable cause is "a reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *$83,320 in United States Currency*, 682 F.2d at 577. Circumstantial evidence has been held sufficient to support a finding of probable cause in a section 881 forfeiture action. *United States v. $364,-960.00 in United States Currency*, 661 F.2d 319, 324–325 (5th Cir. Unit B 1981). In this case, the government has presented proof beyond a "mere suspicion" to support forfeiture of the Cadillac under section 881(a)(4). *See $83,320 in United States Currency*, 682 F.2d at 577. The "laminated total" of the evidence presented in the government's affidavit establishes probable cause to believe that the Cadillac was used to transport or facilitate the transportation, sale, or possession of cocaine. *See Nigro*, 727 F.2d at 104.

■ Glenn argues that even when all the assumptions and inferences underlying the Badaracco affidavit are assumed to be true, the affidavit shows only that the Cadillac was used to transport her to the scene of an illegal transaction. Glenn asserts that the mere use of a vehicle for transportation to the site of an illegal transaction is insufficient to justify forfeiture of the vehicle under section 881(a)(4).

While the government may not have established beyond a reasonable doubt that the Cadillac was used to transport cocaine, section 881(a)(4) only requires the government to establish probable cause to believe the vehicle was used "in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [the prohibited substance]." 21 U.S.C. § 881(a)(4). A review of relevant case law demonstrates that use of a vehicle only for transportation to the site of an illegal transaction has been held sufficient to warrant forfeiture, even under the "substantial connection" standard.

In *United States v. One 1977 Cadillac Coupe de Ville*, 644 F.2d 500 (5th Cir. Unit B 1981), the court held that the provision in section 881(a)(4) authorizing forfeiture of a vehicle used "in any manner" to facilitate transportation or sale of drugs encompassed an automobile used to transport a drug dealer and an accomplice to the scene of a transaction. The court stated, "The use of the Cadillac in transporting [the drug dealer] to the site facilitated the transaction by enabling her to consummate the sale at the prearranged time and place." *Id.* at 503. The court concluded that "such use of the vehicle to *transport* the dealer to the scene forms a sufficient nexus between the vehicle and the transaction to validate forfeiture under 21 U.S.C. § 881." *Id.* (emphasis added). In the present case, the use of the Cadillac to transport Glenn to the pawn shop facilitated the transaction by enabling her to consummate the transaction she prearranged by a telephone call to Ingram.

In *United States v. One 1979 Porsche Coupe*, 709 F.2d 1424 (11th Cir.1983), the court applied the "substantial connection" test in a section 881(a)(4) forfeiture action. The court required the government to demonstrate "probable cause for the belief that a substantial connection exists between the vehicle to be forfeited and the relevant criminal activity." *Id.* at 1426. In that case, the vehicle was used to *transport* a "pivotal figure in the transaction" several

**1138**

hundred miles to a location where an attempted drug purchase took place. *Id.* at 1427. The vehicle had transported neither contraband nor money. Nevertheless, the court held that the vehicle "had a sufficient nexus to the attempted drug purchase to support the forfeiture." *Id.* Similarly, in the present case, the government's affidavit establishes probable cause for the belief that Glenn used the Cadillac *for transportation* to the scene of an attempted drug purchase. Accordingly, the Cadillac had a sufficient nexus to the transaction to support forfeiture under section 881(a)(4).

Summary judgment was appropriately entered in this case because Glenn failed to rebut the government's affidavit with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). In the face of a motion for summary judgment, the nonmoving party cannot rest on its pleadings, but must submit evidence demonstrating there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In *One 1975 Mercedes 280S*, 590 F.2d at 199, we stated:

> [I]t is apparent to us that a showing of probable cause is sufficient to warrant a forfeiture and that summary judgment was properly entered in the absence of any exercise by the claimant of her right to come forward and show that the facts constituting probable cause did not actually exist.

Accordingly, summary judgment was properly entered by the district court in this case.

### III.

For the reasons stated, the summary judgment of the district court is AFFIRMED.