889 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack H. PARKS, Individually and as father of the student;
M. KIRK PARKS, Individually, Plaintiffs-Appellants,
v.
JOHNSON CITY BOARD OF EDUCATION, et al., Defendants-Appellees.
 No. 89-5354.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1989.
 
 Before KENNEDY and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellants' brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App. P. 34(a).
 
 
 2
 Jack H. Parks and his son M. Kirk Parks move for injunctions to expunge records and restrain appellees from undertaking unlawful action and appeal from the district court's order dismissing their complaint. On appeal, the defendants have filed a special appearance and motion to dismiss, to which the appellants have responded.
 
 
 3
 Essentially, the Parks challenge the rights of the defendant school officials to test, evaluate, and review records of Kirk Parks. The Parks sought to bring a class action on behalf of all children presently enrolled in special education classes. They alleged invasion of privacy, libel and slander and that their due process rights were violated when the defendants tried to submit Kirk for psychological testing. Kirk was expelled from Science High School for refusing to submit to the tests. They sought injunctive relief. The district court dismissed the complaint as res judicata.
 
 
 4
 The Parks present a confusing brief on appeal, arguing that Kirk was unjustly expelled from school.
 
 
 5
 Initially, we note that a motion to dismiss ordinarily may not be filed on grounds other than lack of jurisdiction. Rule 8(a)(1), Rules of the Sixth Circuit. See United States v. $83,320 in U.S. Currency, 682 F.2d 573, 575 (6th Cir.1982). Accordingly, the motion to dismiss is improper and shall be denied.
 
 
 6
 Upon consideration, we affirm the district court's dismissal of the complaint as res judicata. The Parks have already received a final judgment on the merits in the district and state courts. These judgments bar any and all claims by the Parks based on the same cause of action. See White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir.1986). The instant lawsuit arises from the same facts as the previous suits. Because the Parks are now using the same operative facts to bring similar claims for violation of their civil rights, invasion of privacy, libel and slander, malice, and violation of due process, claim preclusion prevents the plaintiffs from bringing the instant action.
 
 
 7
 For these reasons, the motions for injunction are denied, the motion to dismiss is denied, and the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.