900 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE 1987 GMC CONVERSION VAN, CUSTOMIZED, VIN
IGTEG25H2H7523907, Defendant,
Leona Frierson, Claimant-Appellant.
 
 1
 No. 89-5810.
 
 
 2
 United States Court of Appeals, Sixth Circuit.
 
 
 3
 April 16, 1990.
 
 
 4
 Before KEITH and MILBURN, Circuit Judges, and GEORGE E. WOODS, District Judge.*
 
 ORDER
 
 5
 This pro se claimant appeals the district court's order of forfeiture entered against her 1987 GMC van. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 6
 Plaintiff United States filed the in rem action under 21 U.S.C. Sec. 881(a)(4) against defendant van for its alleged use to transport or otherwise facilitate the transportation, sale, receipt, possession and concealment of controlled substances in violation of 21 U.S.C. Sec. 801, et seq. Claimant Leona Frierson was served with a copy of the complaint for forfeiture. Notice of the action was published pursuant to an order of the court, and proof of publication was filed. Frierson filed an application for a writ of mandamus. The government sought entry of default.
 
 
 7
 Frierson then filed a traverse to the motion for default. She sought possession of the van and return of the money posted for bond.
 
 
 8
 Following a hearing, the district court entered its order of forfeiture. Frierson filed a notice of appeal. Her subsequent motion for return of the bond money, filed in the district court, was denied.
 
 
 9
 Upon review we conclude that the district court's findings of fact are not clearly erroneous. See United States v. One (1) 1966 Beechcraft Baron, No. N242BS, 788 F.2d 384, 387 (6th Cir.1986). The district court found that probable cause exists to show the van was used in illegal drug activities. See United States v. One 1984 Cadillac, 888 F.2d 1133, 1135-36 (6th Cir.1989). Probable cause is defined as a reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion. 888 F.2d at 1135. Additionally, contrary to Frierson's arguments there is no requirement for her, as titleholder, to have been charged or convicted of any crime. All that is required is a showing that the vehicle was used in a manner proscribed by law. See One (1) 1966 Beechcraft Baron, 788 F.2d at 387.
 
 
 10
 Review of the record supports the district court's findings of probable cause. Frierson's assertion that she is the present titleholder is insufficient to rebut a showing of probable cause for forfeiture. See United States v. Premises Known As 526 Liscum Drive, Dayton, Montgomery County, 866 F.2d 213, 217 (6th Cir.1989).
 
 
 11
 Frierson's argument that notice publication requirements were not met simply is not supported by the record. Her assertion that she filed her application for a writ of mandamus before the government filed its motion for entry of a default judgment is unavailing because she nonetheless failed to rebut the government's showing of probable cause.
 
 
 12
 Finally, the district court did not abuse its discretion by denying the motion for return of the bond money. The bond itself is forfeited if the costs of the proceedings exceed the amount of the bond. See 21 C.F.R. Sec. 1316.76(b). Moreover, if Frierson is entitled to any mitigation of the forfeiture, she may seek an administrative remedy. See 21 C.F.R. Sec. 1316.79.
 
 
 13
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation