51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY 25107 DARIN, TAYLOR, WAYNE COUNTY, MICHIGAN, Defendant,
Wayne T. Jaskolski, Appellant.
 
 1
 No. 94-1082.
 
 
 2
 United States Court of Appeals, Sixth Circuit.
 
 
 3
 March 22, 1995.
 
 
 4
 BEFORE: KENNEDY and SUHRHEINRICH, Circuit Judges; and HOOD, District Judge*.
 
 
 5
 The property containing claimant Wayne T. Jaskolski's residence, 25107 Darin Street, Taylor, Michigan, was seized after claimant pled guilty in state court to possession with intent to distribute marijuana. The District Court granted summary judgment in favor of the government in an in rem civil forfeiture action brought against the property. Claimant now appeals, arguing first that his state guilty plea was not admissible in a subsequent civil action in federal court. Claimant also contends that the District Court improperly inferred that multiple sales of marijuana had occurred at the residence and that the government failed to show that any controlled substance violation punishable by more than one year's imprisonment had occurred at the premises. Claimant further argues that his due process rights were violated because the federal government did not participate in the underlying law enforcement effort resulting in the forfeiture. Finally, claimant argues that the forfeiture constituted an excessive fine under the Eighth Amendment.
 
 I.
 
 6
 In July, 1992, an informant told police that claimant was a marijuana distributor who used a rental storage unit to store marijuana and then sold the marijuana from defendant 25107 Darin Street, Taylor, Michigan ("Darin house"). On August 3, 1992, police observed claimant leaving the Darin house and driving to a self-storage facility on Pelham Road in Taylor, Michigan, where he entered a storage unit.
 
 
 7
 On August 5, 1992, the informant purchased marijuana at the Darin house. That same day, pursuant to a State of Michigan search warrant, both the storage unit and the Darin house were searched. Among the items found in the storage unit were 17 plastic bags with approximately one pound of marijuana in each bag, one bag containing 1/2 pound of marijuana, three boxes of plastic bags, 189 suspected prescription pills, a triple beam scale and a car registered to claimant. Most of the 20 pounds of marijuana were in the trunk of claimant's car and his fingerprints were on the trunk. At the Darin house, police found over $13,000 currency (including the premarked buy money), drug ledgers in the handwriting of claimant, one hand-held scale, a bullet proof vest, a police radio scanner, paperwork in the names of claimant and his girlfriend Diane Hurt regarding the storage unit, a bag containing one pound of marijuana, and several bags of smaller amounts of marijuana, roaches, and seeds.
 
 
 8
 On August 6, 1992, Hurt gave the following statement:
 
 
 9
 I have been dealing a year. Getting it from Texas. I pay $750 a lb. Charge approx $2000 a lb. I picked up 27 lbs last week. I spend the money on house, cars, boats, gifts. I flew down on Continental Airlines sent it back by F.E. I had approx $12,000 in a safe from profits of prostitution in my safe at home.
 
 
 10
 I had some cocaine--not sure how much in the house.
 
 
 11
 I have approx 10 customers that come to the house. Biggest customer takes about 5 lbs. Smallest 1/4 oz. I have approx $5,000 to $10,000 on the street that was never paid for to people I fronted to.
 
 
 12
 This is a true statement I made voluntarily. Diane L. Hurt 8-6-92 1:43 P.M.
 
 
 13
 When the lbs came in Wayne Jaskolski packed it for me & put it in the storage shed called THE ATTIC in Taylor. Diana Hurt. This statement was given voluntarily.
 
 
 14
 Claimant and Hurt both pled guilty in a State of Michigan court to possession of marijuana with intent to distribute. On September 16, 1992, the Drug Enforcement Administration seized the Darin house. The government moved for summary judgment on October 18, 1993. Claimant subsequently filed a motion to dismiss. On November 22, 1993, the District Court heard arguments on both motions and granted summary judgment in favor of the government. Claimant now appeals.
 
 II.
 
 15
 Claimant first argues that the District Court should not have considered his guilty plea in ruling on the government's motion for summary judgment. He contends that his guilty plea would not have been admissible in a civil case under Michigan law and that the District Court should not have given more preclusive effect to the guilty plea than that given by state law.
 
 
 16
 During arguments on the motion for summary judgment and the motion to dismiss, the District Court asked counsel for claimant whether claimant and Hurt had pled guilty to distribution of marijuana. Counsel for claimant acknowledged that both had pled guilty. The court then asked whether the guilty plea alone was enough to merit the forfeiture. Defendant argued that nothing in the guilty plea indicated where the marijuana which defendant pled guilty to possessing was located. (Joint App. 101-02). Later, the government, in discussing the evidence available to the court, mentioned the guilty pleas. (Joint App. 109). In ruling that there were sufficient unrebutted facts to establish probable cause, the court did not indicate specifically which facts it relied on, but instead indicated that its ruling was "for all the reasons argued by the government." (Joint App. 122-23).
 
 
 17
 Claimant did not object to the use of the guilty plea at any time during the proceedings below. Issues not raised before the District Court are not properly before us on appeal. Foster v. Barilow, 6 F.3d 405, 409 (6th Cir.1993).
 
 
 18
 In any event, we note that even if the trial court had given no consideration to claimant's guilty plea, there would be sufficient probable cause for the seizure. The civil forfeiture statute, 21 U.S.C. Sec. 881(a)(7) only requires the government to prove that the real property was "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a [controlled substance] violation...." Probable cause is "a reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." United States v. One 1984 Cadillac, 888 F.2d 1133, 1137 (6th Cir.1989) (quoting $83,320 in United States Currency, 682 F.2d 573, 577 (6th Cir.1982)). Once the government has shown probable cause that the property was used in connection with an illegal drug transaction, the burden shifts to the claimant to show by a preponderance of the evidence that the property was not used in violation of the law. United States v. Certain Real Property 566 Hendrickson Blvd., 986 F.2d 990 (6th Cir.1993).
 
 
 19
 The government produced ample evidence to show probable cause. The government showed that an informant had purchased marijuana at the Darin house and that the buy money was found inside the house. The government also seized marijuana, a scale, and a drug ledger. Furthermore, Hurt admitted to the police that she sold drugs from the house.
 
 
 20
 Claimant did nothing to rebut this evidence. He argued that he had no knowledge of, nor did he consent to, the use of the property to facilitate a drug offense, but provided no evidence to support this contention. Claimant contends it was not clear which house Hurt was referring to in her statement and thus the District Court improperly inferred that more than one sale had taken place at the Darin house. Once again, however, he produced no evidence to show that Hurt was referring to any other house. "It is well settled that the government is entitled to a judgment of forfeiture upon an unrebutted showing of probable cause." 566 Hendrickson, 986 F.2d at 995.
 
 
 21
 Claimant further asserts that the government failed to show a controlled substance violation punishable by more than one year's imprisonment as required under 21 U.S.C. Sec. 881(a)(7) because the government did not show how much marijuana the informant purchased or how much he paid. Under 21 U.S.C. Sec. 841(b)(1)(D), the penalty for possession with intent to distribute less than 50 kilograms of marijuana is a term of imprisonment of not more than 5 years. The government showed probable cause that defendant intended to distribute the marijuana found in the house and the storage facility. Thus, the government met the statutory civil forfeiture requirements.
 
 
 22
 Claimant next argues that his Fifth Amendment due process rights were violated because the forfeiture proceeding was brought in federal court, rather than state court. Claimant contends that the forfeiture should have been brought in state court because it was based on a state investigation.[1]
 
 
 23
 In 566 Hendrickson, 986 F.2d at 994, we rejected a claimant's argument that the federal courts had no jurisdiction where the property was seized by state authorities pursuant to a state search warrant. We further held that because the State of Michigan never instituted a forfeiture proceeding against the seized property, the federal courts had jurisdiction over an in rem forfeiture action. We held that a federal civil forfeiture action was independent of any factually related criminal actions pending in the state court. Id. at 994-95. This forfeiture action was properly brought against the Darin house in federal court even though the action is based on prior state proceedings.
 
 
 24
 Finally, claimant argues that the District Court failed to consider whether the forfeiture constituted an excessive fine under the Eighth Amendment. Claimant concedes that he did not raise the issue below, but contends that the court had an obligation to independently examine the record to make this determination. We find no error. As discussed above, we will not consider an issue which was not first raised with the District Court. Foster, 6 F.3d at 409.
 
 III.
 
 25
 For the foregoing reasons, we AFFIRM.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 The government asserts that claimant did not raise this argument below. However, claimant does made this argument in his Motion to Dismiss and Brief Opposing Plaintiff's Motion for Summary Judgment and raised it again during oral arguments before the District Court. (Joint App. 63, 77, 106-07). This argument was also addressed by the government in their Response Opposing Dismissal. (Joint App. 90)