78 F.3d 585
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darryl SMITH, Plaintiff-Appellant,
v.
William LOCKMAN; Rex Zent, Warden; Dale Bryan, Sgt.;
Randall Jacobs, Defendants-Appellees.
 No. 95-4110.
 United States Court of Appeals, Sixth Circuit.
 March 6, 1996.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges; WISEMAN, District Judge.*
 
 ORDER
 
 2
 Darryl Smith, a pro se Ohio prisoner, appeals a district court order denying his motion to reopen his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory, and injunctive relief, Smith filed a complaint suing the warden (Zent), unit manager (Lockman), unit sergeant (Bryan), and an inmate clerk (Jacobs) at Madison Correctional Institution for allegedly violating his rights under the First, Eighth, and Fourteenth Amendments. Upon Smith's motion, the district court granted him a default judgment against Jacobs in an order filed on September 17, 1993. That same day, Smith executed a stipulation of dismissal without prejudice, pursuant to Fed.R.Civ.P. 41(a)(1).
 
 
 4
 Almost a year later, on September 2, 1994, Smith filed a notice to reopen the case and for leave to file an amended complaint. As grounds, he asserted evidence of "irrefutable proof of serious violations of law and civil rights" as "confirmed" by Magistrate Judge Norah McCann King in the case of Smith v. Capots. Subsequently, Smith wrote to Judge Holschuh with a request that he disqualify himself. The district court construed this request as a motion for recusal under 28 U.S.C. §§ 144 and 455 and denied it in an order filed on March 1, 1995.
 
 
 5
 In a report filed on July 28, 1995, a magistrate judge recommended that Smith's motion to reopen be construed as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b) and that it be denied. Smith filed objections, but the district court found the objections to be meritless, adopted the magistrate judge's report and denied Smith's motion. The district court found that Smith had failed to show that his stipulation of dismissal was coerced as claimed or that he was otherwise eligible for relief under Rule 60(b).
 
 
 6
 On appeal, Smith argues that the district court was biased against him and erred in denying his motions for recusal and for reopening his case. The defendants have filed a motion to dismiss the appeal and revoke Smith's pauper status.
 
 
 7
 Upon consideration, we deny the motion to dismiss. We affirm the district court's order because the court did not abuse its discretion in denying Smith's motions for recusal and for relief from judgment. However, because of Smith's scurrilous and threatening filings and communications during the course of this action, we assess costs against him, subject to his timely motion for reconsideration.
 
 
 8
 Defense counsel moves to dismiss this appeal and revoke Smith's pauper status for threatening, scurrilous, and contumacious language and conduct. Although it is clear that the allegations made in the motion to dismiss are true, Rule 8(a), Rules of the Sixth Circuit, provides that a motion to dismiss should assert only jurisdictional grounds. See Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir.1987) (order); United States v. $83,320 in U.S. Currency, 682 F.2d 573, 575 (6th Cir.1982). In addition, this case has already been docketed in forma pauperis and revocation of Smith's pauper status would not affect this appeal. For these reasons, even though Smith's conduct is inappropriate and even reprehensible, we deny the motion to dismiss and to revoke pauper status and address the merits of the appeal.
 
 
 9
 The district court did not abuse its discretion in denying Smith's motion for recusal. See In re Adams, 31 F.3d 389, 396 (6th Cir.1994), cert. denied, 115 S.Ct. 903 (1995). The reasons given by Smith to support his motion are the district court's alleged slowness in ruling on his various motions and the district court's frequent adverse rulings in those motions which Smith implies (with no supporting evidence) have a political basis.
 
 
 10
 The Supreme Court recently reaffirmed that "judicial rulings alone almost never constitute valid basis for a bias or partiality motion.... Almost invariably, they are proper grounds for appeal, not for recusal." Liteky v. United States, 114 S.Ct. 1147, 1157 (1994). Furthermore, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. It is clear that Smith's motion does not meet the standard set by Liteky. Smith has demonstrated no extrajudicial or pervasive bias that would require recusal.
 
 
 11
 Furthermore, the district court did not abuse its discretion in denying Smith's motion to reopen this case, properly construed as a motion for relief from judgment under Fed.R.Civ.P. 60(b), for the reasons stated by the district court. See Hood v. Hood, 59 F.3d 40, 42 (6th Cir.1995) (per curiam). We note that a Rule 60(b) motion may not be used as a substitute for an appeal and, thus, does not bring up the underlying judgment for review. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 (1978); Hood, 59 F.3d at 42.
 
 
 12
 Smith's brief on appeal complains about the federal courts' reluctance to believe his allegations and charges that the federal judges in Columbus maintain a policy in all his cases of automatically discounting his evidence. Smith's conclusory and unsupported allegations of such a conspiracy among the Columbus federal judiciary may be summarily dismissed.
 
 
 13
 Finally, we impose sanctions against Smith in the form of costs pursuant to 28 U.S.C. § 1912 and Fed.R.App.P. 38, and remand this case to the district court for a determination of the costs incurred by the defendants in this appeal and Smith's ability to pay this sanction. See Sales v. Marshall, 873 F.2d 115, 120 (6th Cir.1989). Because Rule 38 now requires a separately filed motion or notice from the court and reasonable opportunity to respond, we hereby notify Smith of his right to respond to this court's imposition of sanctions in a timely-filed motion for reconsideration. Sanctions are warranted in this case because of Smith's repeated filings and other communications filled with highly scurrilous and libelous accusations and improper sexual remarks.
 
 
 14
 Accordingly, the motion to dismiss is denied. The district court's order, entered on September 28, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. Costs of this appeal are assessed against Smith, subject to reconsideration, and the case is remanded to the district court for a determination of those costs and of Smith's ability to pay.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation